(573 P.2d 635)

No. 49,188

STATE OF KANSAS, *Appellee,* v. GARY D. HALL, *Appellant.*

Opinion filed December 16, 1977.

*Nancy Schmidt,* of Frey, Smith & Schmidt, of Liberal, for the appellant.

*Kim D. Ramey,* County Attorney, and *Curt T. Schneider,* Attorney General, for the appellee.

Before FOTH, P.J., PARKS and SWINEHART, JJ.

PARKS, J.: This is an appeal from a jury verdict which found Gary D. Hall (hereafter defendant or Hall) guilty of driving while under the influence of intoxicating liquor (K.S.A. 8-1567). The charge of transporting an open container (K.S.A. 41-804) is not a subject of this appeal.

On the evening of February 12, 1977, defendant Hall and a number of other derrick hands returned to Liberal, Kansas, from Elkhart, Kansas, where they had been working on an oil rig. The vehicle in which they were riding was owned and driven by the defendant. En route to Liberal they stopped and drank a couple of beers.

Later in Liberal, defendant and a friend, Jim Headrick, consumed two to three beers at one bar, and then went to another for two more beers. When that bar closed, the defendant and Headrick joined friends in the parking lot where they shared drinks from a bottle of whiskey. As this group dispersed, the partially-consumed bottle of whiskey was placed on the front seat of Hall's car. Hall then drove down Highway 54 where he was stopped by Trooper Roger McCullough of the Kansas Highway Patrol.

Trooper McCullough testified that he observed the defendant's automobile weave as it proceeded down the highway. There was a strong odor of an intoxicant on the defendant's breath when he got out of his car. He was unsteady on his feet, his eyes were watery and bloodshot, and his pupils responded poorly to light. McCullough also testified that a number of coordination tests performed by the defendant revealed his general uncertainty and lack of coordination.

The defendant raised in his motions for judgment of acquittal and for new trial a question as to the sufficiency of the evidence which supports the verdict. We have carefully reviewed this contention and find it to be without merit. On appellate review, the sufficiency of the evidence is determined not by questioning whether the evidence established guilt beyond a reasonable doubt, but by questioning whether the evidence was sufficient to form the basis for a reasonable inference of guilt. In making this determination, the evidence is viewed in the light most favorable to the state. (*State v. Ames,* 222 Kan. 88, 563 P.2d 1034, Syl. 5.)

Defendant also urges that the trial court erred in failing to instruct the jury as to the lesser included crime of public intoxication (K.S.A. 21-4109, repealed Laws 1977, Ch. 115, §§1, 2).

Under K.S.A. 8-1567, three things must be established: (1) that the defendant operated a vehicle; (2) that the defendant was under the influence of intoxicating liquor while operating the vehicle; and (3) that the operation took place within the jurisdiction of the court.

The duty to instruct on lesser crimes is mandatory but it arises only when there is evidence upon which the accused might reasonably and properly be convicted of the lesser offense. (K.S.A. 21-3107(3); *State v. Seelke,* 221 Kan. 672, 561 P.2d 869.)

The undisputed evidence in this case, including the testimony of the defendant, is that Hall was driving the vehicle when stopped by the trooper. Hence, the only issue left for the consideration of the jury was whether the defendant was under the influence of intoxicating liquor while operating the vehicle. The jury would not have been warranted in finding defendant guilty of any other offense. (*State v. Huff,* 220 Kan. 162, 167, 551 P.2d 880.) We conclude the trial court properly ruled that the lesser instruction was not required.

Judgment affirmed.