(604 P.2d 73)

No. 50,991

CITY OF TOPEKA, KANSAS, *Appellee,* v. JAMES D. MARTIN, *Appellant.*

Opinion filed December 21, 1979.

*F. G. Manzanares,* of Topeka, for appellant.

*Douglas S. Wright,* deputy city attorney, of Topeka, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

MEYER, J.: This case involves an appeal from a jury's verdict that James D. Martin (appellant) was guilty of the offense of driving while under the influence of intoxicating liquor, contrary to Topeka City Ordinance 26-1034. The verdict, given in district court, followed an earlier proceeding in the Topeka Municipal Court in which appellant was also found guilty of driving while under the influence of intoxicating liquor. Because of what he alleges were prejudicial errors in the district court's instructions to the jury, the appellant has made a timely appeal to this court.

The parties have agreed upon a statement of facts.

On voir dire, appellant's counsel questioned prospective jurors by asking, without objection from the court or opposing counsel, if they understood the law does not prohibit a person from drinking intoxicating liquors and driving, but does prohibit driving by a person who has drunk intoxicants to the extent his ability to drive has been impaired or to the extent he is not able to drive as a reasonable prudent person would.

Appellant requested a jury instruction on the extent of intoxication needed to prove appellant's guilt which would include a minimum standard, specifically the ability to drive in a careful and prudent manner. The request was refused.

At trial, Sgt. Schwerdt of the Topeka Police Department tes-

tified he administered a breath test to appellant which resulted in a reading of 0.23 percentage of alcohol content in appellant's blood. On cross-examination, he stated such a percentage of alcohol content was by volume.

Over appellant's objection, the jury was instructed on the statutory presumption raised when a person is found to have 0.10 percent of alcohol content in his blood by weight.

The issues are as follows:

1. Did the court err when it refused to use the requested instruction of defendant regarding definition of "intoxicated person?"

2. Did the court err by instructing on the statutory presumption of intoxication of 0.10 percent or more by weight of alcohol when evidence referred to percentage by volume?

Essentially, the following is appellant's proposed instruction, and all but the italicized portion thereof was given by the court in its instruction:

*"You are further instructed that the law does not prohibit a person from driving a vehicle after taking intoxicating drinks. The law prohibits an intoxicated person from driving a motor vehicle.* A person is an intoxicated person within the meaning of said law if his mental or physical condition is abnormal due to the influence of intoxicating liquor. An excitation of the passions, impairment of the judgment, derangement or impairment of the mental or physical functions and energy, due to the use of intoxicating liquor, would constitute intoxication; and if at the time of the alleged commission of the offense charged in a complaint the mental or physical condition of the person is so affected or influenced from the use of intoxicating liquor *that he could not drive his automobile in a careful and prudent manner, then in such case* he would be said to be operating a vehicle while under the influence of intoxicating liquor."

Also, the court added the following sentence although it was not requested by appellant: "It is not necessary that such person be completely incapacitated."

Appellant claims the instruction defining a person under the influence of intoxicating liquor fails to set a minimum objective standard for the jury to determine whether he was actually under the influence within the meaning of the statute. In reliance on *State v. Sauvage,* 201 Kan. 555, 441 P.2d 861 (1968), he requested an instruction on the minimum degree of impairment required, that is, "inability to drive in a careful and prudent manner." He also argues that the instruction setting forth the statutory presumption of intoxication, K.S.A. 1978 Supp. 8-1005, is contrary to the evidence because the testimony referred to a percentage of

alcohol "by volume," and the instruction was given in terms of percentage of alcohol "by weight."

Appellee argues that the inclusion of a reasonable prudent man standard would be an inaccurate statement of the law, contending that the statute only requires proof that the person was under the influence of intoxicating liquor, and that a specific degree of intoxication of a defendant is not necessary.

We shall first discuss the instruction given by the court in defining an "intoxicated person." While it is true the statute does not define a "degree of intoxication," it is obvious that the legislature had something more in mind than a mere determination that defendant's faculties were impaired, however slight. This is shown by the legislature enacting K.S.A. 1978 Supp. 8-1005, which provides, in part, that if there was less than 0.10 percent by weight per volume of blood, defendant would be presumed not to be under the influence of intoxicating liquor. It is apparent the statute contemplates something more than the slightest of impairments. The difficulty with the instruction as given by the court in the instant case is that it sets no minimum standard. In *State v. Sauvage*, 201 Kan. at 556, the court cited the following as an approved instruction:

"A person is under the influence of intoxicating liquor when, as a result of the consumption of alcoholic beverages, he has lost control of his mental faculties and bodily functions to the extent that he is unable to operate his vehicle as a person exercising ordinary care would under like circumstances. It is not necessary that such person be completely incapacitated."

It is clear that the *Sauvage* definition of actionable intoxication did set a minimum standard in the words "unable to operate his vehicle as a person exercising ordinary care would under like circumstances." It is true, as appellee avers, that our Supreme Court has approved various instructions relative to the degree of intoxication necessary in order to be found guilty of driving while under the influence of intoxicating liquor; however, in all of them that have been approved by the Supreme Court, there has been some minimum standard which must be proved before defendant could be found guilty.

As we review the instruction complained of in the instant case, we find no minimum standard set out which would give the jury guidance as to a determination of the degree of intoxication required. We believe that the legislature intended the law to be

that a person could be found guilty of driving while under the influence of intoxicating liquor whenever his mental or physical function was impaired by the consumption of alcohol to the extent that defendant was incapable of safely driving a vehicle. The definition as given by the court, bearing in mind that the court *did not* give that part of appellant's proposed instruction which is italicized, would leave the jury "at sea" as to what degree of intoxication is necessary in order to support a conviction.

Admittedly, the statute only requires the State to show that defendant was under the influence of intoxicating liquor while operating the vehicle. *State v. Hall,* 1 Kan. App. 2d 730, Syl. ¶ 1, 573 P.2d 635 (1977); *State v. Budden,* 226 Kan. 150, Syl. ¶ 2, 595 P.2d 1138 (1979). As to these two cases, our Supreme Court in *Budden* makes the following statement at page 154:

"[T]he statement of the elements of the offense of driving while under the influence of intoxicating liquor found in *State v. Hall,* 1 Kan. App. 2d 730, Syl. ¶ 1, is approved."

However, it should be noted that the approved elements as found in *Hall* at Syl. ¶ 1 are: (1) that the defendant operated a vehicle; (2) that the defendant was under the influence of intoxicating liquor while operating the vehicle; and (3) that the operation took place within the jurisdiction of the court.

Obviously, this is the law. However, it should be noted that *Hall* involved primarily the question of whether an instruction on lesser included offense should have been included. Neither *Hall* nor *Budden* speaks to the adequacy of an instruction defining "under the influence of intoxicating liquor." These cases, thus, do not speak to the need for defining the degree of intoxication necessary to support an action of driving while under the influence of intoxicating liquor.

We conclude that the instruction given by the trial court in defining intoxication was prejudicial error in that it did not set out a specific minimum standard for the jury to consider, and that such error requires reversal.

Considering our finding as to appellant's first issue, it is not necessary to go into the appellant's complaint relative to an incorrect weight versus volume instruction. We do note, however, that the test, according to K.S.A. 1978 Supp. 8-1005(*b*), is that the measurement is based upon weight (*i.e.,* grams) of alcohol per unit volume (*i.e.,* milliliters) of blood.

From what has been said above, it is necessary that the verdict in the court below be reversed with instruction that upon new trial a proper instruction be given which sets forth a specific minimum standard so that the jury will have a basis for its finding.

Reversed and remanded.