## STATE v. ROBERT F. CARROLL.[1]

January 30, 1948.

No. 34,585.

*Henry Nycklemoe,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, and *Chester G. Rosengren,* County Attorney, for the State.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment of the district court affirming the judgment of the municipal court of Fergus Falls convicting defendant of operating an automobile while under the influence of intoxicating liquor.

At the time of the appeal to the district court, a stipulation was entered into between the parties and duly made a part of the record. We quote the pertinent parts of the stipulation:

"That on the 3d day of August, 1947, in the Township of Elizabeth, the defendant, Robert F. Carroll, while under the influence of intoxicating liquor drove and operated an automobile either on or

[1]Reported in 31 N. W. (2d) 44.

near a private roadway at a summer resort located in the said town, and which summer resort the public is invited to attend for the purpose of patronizing the same in the purchase of merchandise, non-intoxicating liquors, rental of boats and equipment, rental of cottages, and other services incidental to the operation of a summer resort."

The court found that on August 3, 1947, while under the influence of intoxicating liquor, defendant operated an automobile on or near a private roadway at a summer resort located in Otter Tail county, Minnesota. In its conclusions of law the court said in part:

"I.

"That defendant's operation of said automobile violated the provisions of Minn. St. 169.12.

"II.

"That the judgment and sentence of the Municipal Court of Otter Tail County, Minnesota, herein be and it is in all things affirmed."

The only question for consideration here is whether defendant was guilty of a violation of M. S. A. 169.12, which provides in part as follows:

"It is unlawful and punishable as provided in this section for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive or operate any vehicle within this state."

The section quoted above must be read in conjunction with § 169.02, subd. 1 of which reads as follows:

"Obedience; effect. The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways, except:

"(1) Where a different place is specifically referred to in a given section;

"(2) The provisions of sections 169.09 to 169.13 shall apply upon highways and elsewhere throughout the state."

It is the claim of the state that a person is guilty of a violation of the statute if the vehicle is operated on a public highway or on a private road. Defendant contends that the application of the statute is limited to the operation of vehicles upon public highways.

Where there is no uncertainty or ambiguity in its language, a statute is to be enforced literally as it reads if its language involves no absurdity or contradiction. Oppegaard v. Board of Commrs. 120 Minn. 443, 447, 139 N. W. 949, 950, 43 L.R.A. (N.S.) 936; 6 Dunnell, Dig. & Supp. § 8938. The language of the statute under consideration here is clear and unambiguous and means just what it says.

It is our conclusion that it was clearly the intention of the legislature in enacting this statute to make it a crime for any habitual user of narcotic drugs or any person under the influence of intoxicating liquor or narcotic drugs to drive or operate any vehicle *anywhere* within the state. This appears to be sound legislation, especially in view of the constantly increasing number of motor vehicles in use and the number of accidents, which have made the careful operation of such vehicles a matter of public concern. The constitutionality and validity of such legislation in this state has been approved by this court, which has also recognized the menace and hazard to society caused by a person driving an automobile while intoxicated. See, State v. Graham, 176 Minn. 164, 222 N. W. 909; Martinka v. Hoffmann, 214 Minn. 346, 9 N. W. (2d) 13. A motor vehicle can be a dangerous instrumentality when operated by an intoxicated person or one under the influence of intoxicating liquor or narcotic drugs. This is true, not only because of the jeopardy to the life and safety of the driver himself, but, more important, because of the hazard to the public at large. It would be absurd to say that a person driving or operating a motor vehicle while intoxicated or under the influence of intoxicating liquor or narcotic drugs was not guilty of a violation of the statute under consideration merely because at the moment such person was stopped or apprehended he happened to be either on or near a private roadway instead of on a public street or highway, because no one can say when such a person, while in a confused or befuddled state of mind

as a result of his or her condition, will leave the private road and pursue a mad, zigzagging course down a public highway or street, with the resulting damage and horrors so frequently reported.

We hold that defendant was guilty of a violation of the statute, as charged, and we sustain the judgment of the trial court.

Affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.