STATE OF IOWA, appellant, v. ARTHUR RAYMOND VALEU, appellee.

No. 51596.

(Reported in 134 N.W.2d 911)

MAY 4, 1965.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Robert B. Dickey, of Keokuk, County Attorney, for appellant.

N. E. McManus, of Keokuk, for appellee.

MOORE, J.—On September 10, 1964, the Lee County grand jury returned an indictment against Arthur Raymond Valeu charging him with operating a motor vehicle while intoxicated contrary to section 321.281, Code, 1962. Defendant demurred to the indictment for the reason it failed to allege the operation took place on a public highway. The trial court found the alleged operation occurred in a private parking lot and sustained the demurrer. The State appeals. We do not agree with the ruling.

For the purpose of this appeal the State concedes the offense charged occurred on the Eagle's parking lot in Keokuk and not upon a public highway. It asserts Code sections 321.281 and 321.228 when read together clearly establish that operating on a public highway is not an essential element to be alleged or proved.

Defendant had filed no brief and argument in this court and so we are advised of his contention only by the contents of the demurrer and the trial court's findings and ruling. We agree with the trial court's finding that the sole issue raised is whether one of the elements of the charged offense is that the motor vehicle was operated upon a public highway.

Section 321.281, Code, 1962, as pertinent here, provides:

"Whoever, while in an intoxicated condition * * *, operates a motor vehicle upon the public highways of this state, shall, upon conviction or a plea of guilty, be punished * * *."

Section 321.228, Code, 1962, as pertinent here, provides:

"The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways, except: * * *

"2. The provisions of sections * * * 321.280 to 321.284, inclusive, shall apply upon highways and elsewhere throughout the state."

That part of section 321.281 which we have quoted was con-

tained in section 5027, Code, 1935. Section 5027 was repealed by the Forty-seventh General Assembly (1937) but the same provisions were reenacted as section 312, chapter 134, Acts of the Forty-seventh General Assembly, which completely revised the law of the road. Although amendments have been made the pertinent part of this enactment is unchanged and is now section 321.281, Code, 1962.

What is now section 321.228, Code, 1962, was first enacted as section 259, chapter 134, Acts of the Forty-seventh General Assembly. It has remained unchanged.

■ I. In interpreting statutes we must first determine whether application of the rules of statutory construction is necessary. If the language of a statute when given its plain and rational meaning is precise and free from ambiguity, no more is necessary than to apply to the words used their ordinary sense in connection with the subject considered. Eysink v. Board of Supervisors, 229 Iowa 1240, 1244, 296 N.W. 376, 378; In re Adoption of Alley, 234 Iowa 931, 934, 14 N.W.2d 742, 744; Iowa-Illinois Gas & Elec. Co. v. City of Bettendorf, 241 Iowa 358, 361, 362, 41 N.W.2d 1, 3; Dingman v. City of Council Bluffs, 249 Iowa 1121, 90 N.W.2d 742, 746; Olson Enterprises, Inc., v. Citizens Ins. Co., 255 Iowa 141, 144, 121 N.W.2d 510, 511; 50 Am. Jur., Statutes, section 225; 82 C. J. S., Statutes, section 322(b)2.

Volume 50 Am. Jur., Statutes, section 410, pages 435, 436, states:

"In any event, where the language of a penal statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation."

■ We find no difficulty due to the wording of sections 321.281 and 321.228 in concluding the offense of operating a motor vehicle while intoxicated is not limited to operation on a public highway.

II. Assuming, arguendo, some ambiguity exists and therefore rules of statutory construction must be applied we arrive at the same conclusion.

Volume 82 C. J. S., Statutes, section 345(a), page 694, states:

"All parts, provisions, or sections of a statute or section, must be read, considered, or construed together, and each must be considered with respect to, or in the light of, all the other provisions or sections, and construed in connection, or harmony, with the whole."

Volume 50 Am. Jur., Statutes, section 456, page 470, says:

"The provisions of a code should be construed in harmony with the general purpose and intent of the code as a whole * * *. Hence, chapters of the same statute should be construed with reference to each other, as well as sections of the same chapter, at least where they are created by the same legislature at the same time."

We have recognized as a basic rule of statutory construction that all provisions or sections of a statute must be considered together in the light of all other provisions or sections, and, if at all possible, harmonized. City of Dubuque v. Meuser, 239 Iowa 446, 452, 31 N.W.2d 882, 886; Ferguson v. Brick, 248 Iowa 839, 845, 82 N.W.2d 849, 853; Hardwick v. Bublitz, 253 Iowa 49, 54, 111 N.W.2d 309, 311.

In In re Guardianship of Wiley, 239 Iowa 1225, 1228, 34 N.W.2d 593, 594, we say: "If fairly possible a statute will not be construed so part of it is rendered superfluous. Effect should ordinarily be given to every provision. Moulton v. Iowa Employment Sec. Comm., 239 Iowa 1161, 1172, 34 N.W.2d 211, 216, and citations; Independent Sch. Dist. v. Iowa Employment Sec. Comm., 237 Iowa 1301, 1309, 25 N.W.2d 491, 496, and citations."

Of course we have no power to read out the clear language of Code section 321.228. Moulton v. Iowa Employment Sec. Comm., supra; 50 Am. Jur., Statutes, section 231. To do so would defeat the purpose of the statute which seeks to protect all against the real danger caused by drunken drivers whether on the highway, a parking lot or elsewhere within the state.

III. The trial court in sustaining the demurrer cited State v. Boyle, 230 Iowa 305, 297 N.W. 312; State v. Hiatt, 231 Iowa 499, 1 N.W.2d 664; State v. Biggins, 245 Iowa 903, 63 N.W.2d 292, as authority for the proposition operation of a

motor vehicle while intoxicated must be upon a public highway. The Boyle case does not assert as a necessary element the operation was upon a public highway. Defendant conceded he had driven off the highway into a ditch. That proposition was not an issue. In the Hiatt and Biggins cases the State charged and contended the operation was on a public highway and therefore the trial court required such proof. These cases did not consider the effect of section 321.228. They are distinguishable on the facts and are not precedents to be considered here.

It was error to sustain the demurrer to the indictment. With instructions to overrule the demurrer and for further proceedings according to law the case is—Reversed and remanded.

All JUSTICES concur except HAYS, J., not sitting.