STATE of Iowa, Appellee,

v.

Alva Anthony HEISDORFFER, Appellant.

No. 53467.

Supreme Court of Iowa.

Oct. 14, 1969.

See also Iowa, 164 N.W.2d 173.

Gene W. Glenn, Ottumwa, for appellant.

Richard C. Turner, Atty.Gen., James C. Sell, Asst.Atty.Gen., and William Shelton, County Atty., Chariton, for appellee.

MASON, Justice.

In this appeal Alva Anthony Heisdorffer challenges the sufficiency of the evidence to support his conviction. Defendant, indicted by a Lucas County grand jury, charged with operating a motor vehicle while intoxicated, third offense, in violation of section 321.281, Code, 1966, pleaded not guilty and was tried to a jury which returned the guilty verdict. After this conviction, but prior to sentence, the court gave defendant opportunity to affirm or deny that he was identical with the person previously convicted March 22, 1947, of operating a motor vehicle while intoxicated, in Keokuk County. Defendant answered affirmatively.

Following overruling defendant's motion for new trial he was sentenced to the state penitentiary for a term of three years and his driver's license revoked for one year.

I. Defendant assigns four errors which involve the court's overruling his motion to direct a verdict at the close of the State's evidence and renewed at the close of all evidence on the ground the evidence failed to establish defendant was operating a motor vehicle July 31, 1967, on a public highway in Lucas County.

The issue of defendant's intoxication at the time of his arrest is not raised in this appeal.

Defendant was charged under Code section 321.281 which as then in effect provided in part:

"Whoever, while in an intoxicated condition * * * operates a motor vehicle upon the public highways of this state, shall, upon conviction or a plea of guilty, be punished, * * * for a third offense and each offense thereafter by imprisonment in the penitentiary for any term of years not less than one nor more than five, and the court may pronounce sentence for a lesser period than the maximum, the provisions of the indeterminate sentence law to the contrary notwithstanding."

Defendant contends the offense of operating a motor vehicle while intoxicated involves two elements: intoxication of the driver and his act of driving on the public highway while so intoxicated. He maintains the evidence is insufficient to establish he was the driver of the vehicle at the time alleged and does not establish he was then driving on a public highway.

Code section 321.228 as pertinent here, provides:

"The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except: * * *

"2. The provisions of sections * * * 321.280 to 321.284, inclusive, shall apply upon highways and elsewhere throughout the state."

In State v. Valeu, 257 Iowa 867, 870, 134 N.W.2d 911, 913, we said the purpose of this statute was to protect all against the real danger caused by drunken drivers whether on the highway, a parking lot or elsewhere within the state, and held that the offense of operating a motor vehicle while intoxicated was not limited to operation on a public highway in view of this statute. The legislative history and our interpretation of this statute are discussed.

State v. Biggins, 245 Iowa 903, 63 N.W. 2d 292, relied on by defendant here, did not consider the effect of section 321.228 and as said in Valeu, is not a precedent to be considered here.

■ II. In State v. DeRaad, Iowa, 164 N.W.2d 108, 109–110, we set forth certain rules applicable in considering the question of the sufficiency of the evidence to identify defendant as the operator of the vehicle:

"On appeal by defendant based on claimed insufficiency of evidence to support a conviction, we view the evidence in the light most favorable to the State. The finding of guilt by the trier of fact is binding on us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. * * [Citing authorities].

"However, the State must prove all essential elements of the crime charged and mere presence at the scene of a crime is not enough to prove defendant committed the offense. State v. Daves, * * * 259 Iowa [584] 585–586, 144 N.W.2d [879] 880–881, and citations.

"In State v. Frink [255 Iowa 59, 64, 120 N.W.2d 432, 435], State v. Wimbush [260 Iowa 1262, 1264, 150 N.W.2d 653, 654], both supra, and State v. Horrell, 260 Iowa 945, 948, 151 N.W.2d 526, 529, we quote this from State v. Miskell, 247 Iowa 678, 686–687, 73 N.W.2d 36, 41:

" 'In a criminal action the cause should be submitted to the jury and the court should not direct a verdict of acquittal if there is any substantial evidence reasonably tending to support the charge. [Citing authorities] * * * [T]he State's evidence, with all reasonable inferences therefrom, must be taken as true and viewed in the light most favorable to the State, and it is necessary to consider only the evidence which tends to support the verdict.' "

Like principles stated in somewhat different language are found in State v. Medina, Iowa, 165 N.W.2d 777, 782; State v. Robinson, Iowa, 165 N.W.2d 802, 805; State v. Hunley, Iowa, 167 N.W.2d 645, 649; and State v. Badgett, Iowa, 167 N.W. 2d 680, 684. Each of these cites other of our cases bearing on this question.

John S. Clark, a Chariton police officer, testified that the night of July 31, while driving a patrol car, he observed defendant's vehicle swing wide in turning off 7th Street on Albia road. As Clark met the vehicle he turned on the red light. After passing, he turned into a driveway to turn around and follow the vehicle. By this time defendant's vehicle was a block away.

The officer said as he followed, it appeared there were two men in the vehicle which slowed, pulled into the drive of a

construction site at 1st and Albia and stopped. Clark pulled the patrol car alongside the Heisdorffer car, went to the driver's side and asked the individual in the driver's seat to see his driver's license. At trial Clark identified defendant as the same man.

Defendant's brother, Clarence, was the other occupant of the car sitting on the right side of the front seat.

As Clark examined defendant's license he smelled a strong odor of beer, called another officer for assistance, told the two occupants they were under arrest. and asked them to get out of the car. Clark observed their demeanor and manner of dress and took them to the police station.

At the police station defendant was properly advised of his constitutional rights prior to questioning as enunciated in the Miranda decision, (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694).

In answer to Clark's questions defendant said he wanted neither a lawyer nor to make a phone call.

Clark told defendant there was a written form to complete in connection with all arrests and asked if he would answer the questions. Defendant said he would and in answer to one question, stated he was the operator of the car. In response to another, defendant stated he had had two beers.

On redirect examination of Clark inquiry was made whether the two occupants of the Heisdorffer car appeared to be changing seats as he followed them before arrest. Clark testified that the person who was driving the car remained in the driver's seat after the car came to a stop and that person was the defendant.

Clarence Heisdorffer, the only witness for the defense, testified he was with defendant when they were stopped by Clark. Asked if the officers inquired as to who was driving, Clarence said they did and "I told them I wasn't driving. I didn't tell them who was driving."

There were only two occupants in the Heisdorffer car; both were in the front seat. Defendant signed a written admission he had been the driver of the vehicle, offered his brother's testimony who said he hadn't been driving and did not attempt to contradict the brother's testimony in any manner.

There was substantial evidence to support the jury's finding of guilt.

The case is therefore—Affirmed.

All Justices concur.