No. 50,583

STATE OF KANSAS, *Appellee,* v. BERNARD D. BUDDEN, *Appellant.*

(595 P.2d 1138)

Opinion filed June 9, 1979.

*John C. Humpage,* of Humpage, Berger and Hoffman, of Topeka, argued the cause and was on the brief for appellant.

*Dwight W. Duesing,* assistant county attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Edward W. Pugh,* county attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is a direct appeal from a finding of guilty by the trial court of one count of driving while under the influence of intoxicating liquor. K.S.A. 1978 Supp. 8-1567 and K.S.A. 8-1501.

The case was submitted to the trial judge upon an agreed statement of facts wherein the defendant admitted operating a motor vehicle *on private property* while under the influence of intoxicating liquor. The events took place in a parking lot of a tavern in Lincolnville, Kansas.

The principal issue on appeal is whether the offense of driving while under the influence of intoxicating liquor applies to the operation of a motor vehicle upon private property as opposed to a public highway.

K.S.A. 1978 Supp. 8-1567 provides in pertinent part:

"(a) It is unlawful and punishable as provided in subsection (c) of this section

for any person who is under the influence of intoxicating liquor to operate any vehicle within this state."

### K.S.A. 8-1501 provides:

"The provisions of this article relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:

(a) Where a different place is specifically referred to in a given section; and

(b) The provisions of K.S.A. 8-1566 to 8-1568, inclusive, and the provisions of article 10 of chapter 8 of the Kansas Statutes Annotated, and any acts amendatory thereof, shall apply upon highways and elsewhere throughout the state."

Appellant contends that the issue is controlled by *State v. Bailey,* 184 Kan. 704, 339 P.2d 45 (1959). In *Bailey* the defendant was convicted of driving while under the influence of intoxicating liquor and attacked the admissibility of a blood alcohol test as evidence of intoxication. During the course of the opinion the court stated:

"The offense of unlawfully driving a motor vehicle upon a public highway while under the influence of intoxicating liquor is comprised of several elements, each of which must be proved beyond a reasonable doubt by the State. The State must prove at the time in question (1) the defendant *was operating* the motor vehicle in question; (2) that the instrumentality which the defendant was operating was a *motor vehicle* within the contemplation of such term in the statute; (3) that the defendant was operating such vehicle *on a public highway;* and (4) that he was *under the influence* of intoxicating liquor." p. 711.

At the time *Bailey* was decided the pertinent statutes were G.S. 1949, 8-502 and 8-530 which were the predecessors to and essentially the same as our present statutes and provided:

"8-502. **Provisions of act refer to vehicles upon the highways; exceptions.** The provisions of this act relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except: 1. Where a different place is specifically referred to in a given section. 2. The provisions of sections 18 to 32 [8-518 to 8-532], inclusive, shall apply upon highways and elsewhere throughout the state."

"8-530. **Persons under the influence of intoxicating liquor or narcotic drugs; penalties.** (a) It is unlawful and punishable as provided in subdivision (b) of this section for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle within this state."

Appellant argues that the statement in *Bailey* that the operation of the motor vehicle be upon a public highway is controlling as the legislature did not see fit to change the statutes after our decision in *Bailey* but reenacted them in essentially the same form. Appellant then points out that all statutes are presumed to

be enacted with full knowledge of the existing law and with reference to it. *Rogers v. Shanahan,* 221 Kan. 221, 225, 565 P.2d 1384 (1976). The fallacy in appellant's argument is that the language quoted from *Bailey* was not controlling of that decision and constituted dicta. The issue was not one of public highway versus private property but one of the admissibility of blood alcohol test results as evidence. There was no claim that the offense took place on private property.

In *State v. Hall,* 1 Kan. App. 2d 730, 573 P.2d 635 (1977), the Court of Appeals stated:

"Under K.S.A. 8-1567, three things must be established: (1) that the defendant operated a vehicle; (2) that the defendant was under the influence of intoxicating liquor while operating the vehicle; and (3) that the operation took place within the jurisdiction of the court." p. 731.

In *Hall* the court made no reference to *Bailey* and therefore the decision would appear to be inconsistent with it. However, again the question of public highway versus private property was not an issue.

With the constantly increasing number of motor vehicles and accidents we recognize the importance of this controversy to public welfare and safety. We will consider this question as one of first impression and take this opportunity to lay the issue to rest.

The specific issue facing the court is the determination of the meaning of "elsewhere throughout the state." K.S.A. 8-1501 by its terms is written into and must be considered as a part of K.S.A. 1978 Supp. 8-1567. See *Klaus v. Goetz,* 211 Kan. 126, 131, 505 P.2d 726 (1973).

Our statutes regulating traffic are based upon the Uniform Act Regulating Traffic on Highways.

K.S.A. 8-2203 provides:

"This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it."

Seven jurisdictions having similar legislation have had the opportunity to address the public versus private property controversy. All have held that statutes of this type apply to private property. *State v. Hollobaugh,* 297 A.2d 395 (Del. Super. 1972) (Delaware); *People v. Erickson,* 108 Ill. App. 2d 142, 246 N.E.2d 457 (1969) (Illinois); *Seattle v. Wright,* 72 Wash. 2d 556, 433 P.2d 906 (1967) (Washington); *State v. Valeu,* 257 Iowa 867, 134

N.W.2d 911 (1965) (Iowa); *Cook v. State,* 220 Ga. 463, 139 S.E.2d 383 (1964) (Georgia); *State v. Carroll,* 225 Minn. 384, 31 N.W.2d 44 (1948) (Minnesota); *State v. Cormier,* 141 Me. 307, 43 A.2d 819 (1945) (Maine).

In *People v. Guynn,* 33 Ill. App. 3d 736, 338 N.E.2d 239 (1975), the "elsewhere" language was construed to encompass all areas of the state, public or private:

"[4]   We conclude the words "elsewhere throughout the State" encompass all areas of the State, public or private. While this issue is one of first impression in Illinois, in reaching this conclusion, we find support in the courts of other States where the statutory language is identical (See: e.g.: *State v. Carroll* (1948), 225 Minn. 384, 31 N.W.2d 44; *State v. Valeu* (1965), 257 Iowa 867, 134 N.W.2d 911; *Cook v. State* (1964), 220 Ga. 463, 139 S.E.2d 383; *Seattle v. Wright* (1967), 72 Wash. 2d 556, 433 P.2d 906). The cases referred to recognize that the dangerous menace posed by the intoxicated driver is not ameliorated by the nature of the property on which he is driving or in control of a motor vehicle (See Annot., 29 A.L.R.3d 938, notably at 949 *et seq.* [1970])." p. 739.

Appellant argues that the word "elsewhere" is not as broad as "anywhere" and cites cases, principally from Texas, where the courts have limited the application of language similar to that contained in our statutes to public or semi-public areas. None of these cases, however, involved the precise wording of our statutes and are distinguishable on that basis.

Various definitions of the word "elsewhere" may be found. Black's Law Dictionary 613 (4th ed. rev. 1968), defines the term:

"In another place; in any other place."

Webster's Third New International Dictionary 737 (1967), states:

"adv. in or to some or any other place."

In *Bankson v. Accident & Casualty Co.,* 244 Ala. 371, 13 So.2d 398 (1943), a contractor's liability policy provided that the insurer would defend any suit arising out of operations on the described premises or "elsewhere in the state." The court construed the term broadly to mean the same as "anywhere."

In *People v. Stansberry,* 242 Cal. App. 2d 199, 51 Cal. Rptr. 403 (1966), the statute provided that the driver of any automobile involved in a property damage accident should stop at the scene of the accident. This statute was governed by a provision that all accident statutes apply upon highways and "elsewhere" throughout the state. The court held "elsewhere" included strictly private property. For additional citations to cases defining

the term in both a broad and a limited fashion, see generally, 14 Words and Phrases 361.

We conclude that the words "elsewhere throughout the state" in K.S.A. 8-1501 mean *at any other place within the state* including strictly private property as well as public highways, public property and private property open to the public. Any language to the contrary in *State v. Bailey,* 184 Kan. 704, is expressly overruled and the statement of the elements of the offense of driving while under the influence of intoxicating liquor found in *State v. Hall,* 1 Kan. App. 2d 730, Syl. ¶ 1, is approved.

Appellant's next point on appeal is that K.S.A. 1978 Supp. 8-1567 and K.S.A. 8-1501 are unconstitutional as violating the due process provisions of the federal and state constitutions and are unconstitutionally vague and indefinite.

Appellee contends that these issues were not raised in the trial court and should not be considered for the first time upon appeal. *State v. Ervin,* 223 Kan. 201, 573 P.2d 600 (1977); *State v. Ambler,* 220 Kan. 560, 552 P.2d 896 (1976); *State v. Estes,* 216 Kan. 382, 532 P.2d 1283 (1975). While defendant, in a memorandum brief in the trial court makes a passing reference to the statutes as having "obvious constitutional deficiencies" he prefaces this remark with the statement "[t]he only issue thence to be resolved is whether K.S.A. 8-1567 applies to private property." The constitutional issue was neither raised before or considered by the trial court and is not properly before this court for review.

The judgment is affirmed.

SCHROEDER, C.J., dissenting.