STATE of North Dakota, Plaintiff and Appellee,

v.

Donald D. NOVAK, Defendant and Appellant.

Cr. No. 937.

Supreme Court of North Dakota.

Oct. 3, 1983.

Nicholas B. Hall, State's Atty., Grafton, for plaintiff and appellee; submitted on brief.

Dahl, Greenagel, Currie, Geiger & Petersen, Grafton, for defendant and appellant; submitted on brief.

PEDERSON, Justice.

Donald Novak was convicted of being in physical control of a motor vehicle while under the influence of alcohol, a class B misdemeanor (§ 39–08–01(2), NDCC). Novak appeals, contending that he was not in a public or private area to which the public has a right of access for vehicular use. We do not agree and, accordingly, affirm the judgment of conviction.

Highway Patrolman Neil Johnson, while on routine patrol the evening of December 20, 1982, observed a vehicle parked on the edge of a field, just beyond the ditch off State Highway 17 about ten miles west of Grafton. The vehicle was running and Novak was asleep behind the steering wheel. Johnson, concluding that Novak was under the influence of alcohol, arrested him for being in physical control of a motor vehicle while under the influence of alcohol.

It is uncontested that Novak's vehicle was not on the travel lanes of the highway, nor on the shoulder or in the ditch. Novak does not claim that the arrest was without probable cause, nor does he challenge the results of the breathalyzer test which he consented to take and which showed that he had a .14 percent alcohol content in his blood. His sole argument is that § 39–08–01 does not apply to a vehicle located in an open field near a highway. The relevant language of § 39–08–01(1) in effect at the time of the offense provides:

"1. No person shall drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if:

. . . . .

b. He is under the influence of intoxicating liquor; . . ."

The State argues that § 39–10–01(2), NDCC extends the scope of the statute to private property adjacent to a highway. Before its 1983 revision, § 39–10–01 read as follows:

"The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:

1. Where a different place is specifically referred to in a given section.
2. The provisions of the laws of this state, or equivalent ordinances, relating to reporting of accidents or crashes in which a motor vehicle is involved, reckless or aggravated reckless driving, driving while under the influence of intoxicating liquor or controlled substances, manslaughter or homicide or negligent homicide resulting from the operation of a motor vehicle, any felony in the commission of which a motor vehicle is used, and fleeing or attempting to elude a police officer shall apply upon highways *and elsewhere throughout the state*." [Emphasis added.]

Novak argues that the phrase "provisions of the laws of this state" in § 39–10–01(2) refers only to the law found in Chapter 39–10. His alternative argument is that if § 39–10–01(2) does apply to § 39–08–01, then the phrase "or upon pub-

lic or private areas to which the public has a right of access for vehicular use" in § 39–08–01 becomes meaningless. Novak relies on § 1–02–07 to support his contention that the specific provisions of § 39–08–01 should control the general provisions of § 39–10–01(2).

The rule in § 1–02–07, however, only operates where an *irreconcilable* conflict exists. It contains the further directive that conflicting provisions be construed, if possible, so that effect may be given to both provisions.

The primary purpose of statutory construction is to ascertain legislative intent. *Morton County v. Henke,* 308 N.W.2d 372, 375 (N.D.1981). In construing statutory provisions, ". . . the proper course in all cases is to adopt that sense of the words which promotes in the fullest manner the policy of the legislature in the enactment of the law, and to avoid a construction which would alter or defeat that policy." 73 Am. Jur.2d Statutes § 153 (1974).

This court has, on numerous occasions, addressed the purpose of § 39–08–01, NDCC. *See, e.g., State v. Ghylin,* 250 N.W.2d 252 (N.D.1977), where we held that the word "highway" included the ditch alongside the roadway. In *Ghylin* we stated:

". . . the real purpose of the statute is to deter individuals who have been drinking intoxicating liquor from getting into their vehicles, except as passengers. As stated in *State v. Schuler* [243 N.W.2d 367 (N.D.1976) ], *supra,* the 'actual physical control' offense is a preventive measure intended to deter the drunken driver. One who has been drinking intoxicating liquor should not be encouraged to test his driving ability on the highway, even for a short distance, where his life and the lives of others hang in the balance." *Id.* at 255.

This is the first time we have had occasion to determine if the "actual physical control" statute applies to vehicles on private property. Courts in many other jurisdictions which have construed the phrase "elsewhere throughout the state," or similar language, in conjunction with statutes prohibiting the operation or control of a motor vehicle while under the influence of intoxicating liquor have concluded that the prohibition applies anywhere within a state.

The Kansas Supreme Court, overruling an earlier decision, held that the words "elsewhere throughout the state" meant at any other place within the state, including strictly private property. *State v. Budden,* 226 Kan. 150, 595 P.2d 1138 (1979). In its opinion the court noted that seven jurisdictions with similar legislation had addressed the public versus private property controversy and all seven had held that the statutes applied to private property.[1]

In construing "elsewhere throughout the state" to encompass all areas of the state, public or private, an Illinois appellate court recognized that the danger posed by the intoxicated driver is not lessened by characterizing the property on which he is driving or in control of a motor vehicle as public or private. *People v. Guynn,* 33 Ill.App.3d 736, 338 N.E.2d 239, 241 (1975).

The Minnesota Supreme Court long ago determined that the public interest in removing alcohol-impaired drivers from the road extended to privately owned areas. *State v. Carroll,* 225 Minn. 384, 31 N.W.2d 44, 45–46 (1948). The court reaffirmed this emphasis on the public interest in a recent opinion where it stated it ". . . has repeatedly recognized that laws prohibiting a person from driving a motor vehicle while intoxicated are remedial statutes. Consequently, such laws are liberally interpreted in favor of the public interest and against the private interests of the drivers involved." *State v. Juncewski,* 308 N.W.2d 316, 319 (Minn.1981).

1. *See, State v. Hollobaugh,* 297 A.2d 395 (Del. Super.1972); *People v. Erickson,* 108 Ill.App.2d 142, 246 N.E.2d 457 (1969); *City of Seattle v. Wright,* 72 Wash.2d 556, 433 P.2d 906 (1967); *State v. Valeu,* 257 Iowa 867, 134 N.W.2d 911 (1965); *Cook v. State,* 220 Ga. 463, 139 S.E.2d 383 (1964); *State v. Carroll,* 225 Minn. 384, 31 N.W.2d 44 (1948); *State v. Cormier,* 141 Me. 307, 43 A.2d 819 (1945).

In concluding that §§ 39–08–01 and 39–10–01 must be construed together to make the prohibition applicable to highways and other areas, we agree with the reasoning of the Iowa Supreme Court in *State v. Valeu,* 257 Iowa 867, 134 N.W.2d 911 (1965). To do otherwise "... would defeat the purpose of the statute which seeks to protect all against the real danger caused by drunken drivers whether on the highway, a parking lot or elsewhere within the state." *Id.* at 913.

The principles of statutory construction do not prevent a court from looking to subsequent enactments and amendments as an aid in arriving at the correct meaning of a prior statute. To the contrary, "... it is very common for a court, in construing a statute, to refer to subsequent legislation as impliedly confirming the view which the court has decided to adopt." 73 Am.Jur.2d Statutes § 178 (1974). We believe that this holding is supported by the clearly discernible intent of the legislature as expressed in its most recent amendment to § 39–10–01(2).[2]

The conviction is affirmed.

ERICKSTAD, C.J., SAND and VANDE WALLE, JJ., and WM. L. PAULSON, Surrogate Justice,* concur.

---

2. The 1983 Legislative Assembly amended and reenacted § 39–10–01 to read as follows:

"39–10–01. Provisions of title refer to vehicles upon the highways—Exceptions.

1. The provisions of this title relating to the operation of vehicles apply to the operation of vehicles upon highways or other places open to the public for the operation of vehicles except where a different place is specifically referred to in a given section.

2. The provisions of this title, or equivalent ordinances, relating to reporting of accidents, careless driving, exhibition driving, drag racing, reckless or aggravated reckless driving, driving while under the influence of intoxicating liquor or controlled substances, or fleeing or attempting to elude a peace officer shall apply upon highways and elsewhere." Section 39–10–01, NDCC (Interim Supp. Part 2 1983).

* Retired Justice Wm. L. PAULSON served as a Surrogate Judge for this case pursuant to § 27–17–03, NDCC.