**Raymond Mark SCHAFER,
petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

No. C0-84-38.

Court of Appeals of Minnesota.

May 8, 1984.

Hubert H. Humphrey, III, Atty. Gen., Linda Close, Joel Watne, Asst. Attys. Gen., St. Paul, for appellant.

Harvey Jones, Hertogs, Fluegel, Sieben, Polk, Jones & Laverdiere, Hastings, for respondent.

Heard, considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

The Commissioner of Public Safety appeals from an order rescinding the revocation of the driving privileges of respondent-driver pursuant to Minn.Stat. § 169.123 (1982).

We reverse in part and remand for findings of fact.

## FACTS

Shortly before midnight on August 24, 1983, the Inver Grove Heights Police Department was called to investigate a complaint of a pickup truck driving on the grass and damaging the sod at the Prairie Estates Townhouses.

Sgt. Stahl arrived on the scene, approached a group of 10 people standing in the townhouse yard, and asked if anyone had seen what happened. Two of the group said they saw Schafer driving the pickup and identified him by name. Shortly thereafter Officer Salmey of the department arrived on the scene.

As the officers stood in the yard they noticed two men walking from one of the townhouses toward the truck. One person in the group identified one of the men, Schafer, as the driver of the truck. When the officers started walking toward the men they turned and ran back to the townhouse. The officers followed the two men and found them sitting on the townhouse steps. Officer Salmey asked Schafer for identification. Schafer had no identification, but he told the officer his name and birthdate. The other man identified himself as Merrill.

The officers asked the two men to return to the area near the pickup. As they approached the pickup, Officer Salmey no-

ticed that Schafer swayed as he walked. He had also observed that Schafer's eyes were bloodshot, that he smelled of alcohol, and that his pupils reacted poorly to light. When they reached the truck, Schafer closed the partly open hood of the pickup and kicked shut its open door.

Officer Salmey then placed Schafer in the squad car. After Officer Salmey ran a check on the pickup and found that it was not registered to Schafer, he gave Schafer the implied consent advisory. When they reached the police station Schafer made a telephone call. He then refused to take the test, stating that he had not been driving.

When they were at the accident site, and apparently when Schafer was out of earshot, Sgt. Stahl told Merrill that Schafer said Merrill had been driving. Sgt. Stahl testified that Merrill denied that he was driving and claimed Schafer had been driving. It is not clear from the record whether Merrill made that statement before the advisory was given to Schafer or whether Officer Salmey knew of the statement before he gave the advisory.

### ISSUES

1. Does the implied consent statute apply to conduct on private property?

2. Should this Court reinstate the revocation of the respondent's driver's license or remand for findings of fact on the issue of probable cause?

### ANALYSIS

██ This case presents several unusual questions to the Court. In part, it is unusual because of the way it evolved procedurally. Schafer's petition requested the trial court to review whether there was probable cause to give the implied consent advisory. The trial court heard the evidence and issued an order rescinding the revocation. It attached to the order a memorandum explaining its private property theory. The memorandum, however, was not incorporated in the order, and the trial court failed to make any Findings of Fact. On appeal respondent concedes that the private property theory espoused by the trial court is untenable, but argues that the case should be remanded on the probable cause issue. We agree, but consider it important to address the issue of whether or not the implied consent statute applies to conduct on private property. We do this notwithstanding the failure of the trial court to incorporate its memorandum to its order. Because no grounds are stated, the order is open for interpretation and explanation through use of the unincorporated memorandum. *Merriman v. Sandeen*, 267 N.W.2d 714, 716 (Minn.1978).

### I.

██ The implied consent statute by its terms applies to the operation of motor vehicles "within this state." Minn.Stat. § 169.123 subd. 2 (1982). The trial court interpreted a 1967 amendment to Minn. Stat. § 169.121 (1982) as limiting the application of § 169.123. That amendment provides in part:

> The provisions of this subdivision apply, but are not limited in application, to any person who drives, operates, or who is in actual physical control of any vehicle in the manner prohibited by this subdivision upon the ice of any lake, stream, or river, including but not limited to the ice of any boundary water.

Minn.Stat. § 169.121 subd. 1. The trial court apparently reasoned that if the legislature went to the trouble of specifying application to lakes and streams it would have gone to the trouble of specifying application to private property if it had so intended. This reasoning ignores *State v. Carroll*, 225 Minn. 384, 386, 31 N.W.2d 44, 45 (1948) which held that this state's DWI laws apply to private property. It also ignores the well established policy of construing DWI laws in the public's favor. *Holtz v. Commissioner of Public Safety*, 340 N.W.2d 363, 365 (Minn.App.1983). Moreover, Minn.Stat. § 169.02 subd. 1(2) provides that sections 169.09 to 169.13 "shall apply upon highways and elsewhere throughout the state" suggesting a broad application be given the provisions of chap-

ter 169. Drunken driving on private or public property, whether it be a lawn, a parking lot, lakes, streams or rivers, presents an obvious hazard to public safety. The legislative history of the implied consent and DWI laws clearly indicates a legislative intent to apply both to private property.

## II.

The scope of implied consent hearings is limited to those issues enumerated in Minn.Stat. § 169.123 subd. 6. One issue that may be raised at an implied consent hearing is whether the police had probable cause to believe the petitioner was operating a motor vehicle while intoxicated. Another is whether an accident occurred causing damage to property. Minn.Stat. § 169.123 subd. 6. To raise any issue, a petitioner must specifically state the issue in his petition for review. Minn.Stat. § 169.123 subd. 5c.

Since the trial court made no findings of fact, Schafer argues this court should remand for findings on both the probable cause issue and the accident issue. Schafer specified in his petition the issue of probable cause to believe he had been driving the pickup that night but he did not specify the issue of an accident causing damage to property. Because he did not raise it in his petition, that factual issue was not properly before the trial court.[1] Accordingly, no remand is necessary on that issue.

The state argues that it is unnecessary to remand this case to the trial court for findings on probable cause since a finding of probable cause is implicit in the trial court's ruling. The trial court's order and memorandum, however, indicate only that it believed the statute did not apply to conduct on private property. The state's claim is therefore conjecture, since the trial court might have reasoned that it need not determine whether Schafer was driving be-

cause the private property issue was dispositive.

Even though the trial court did not make findings of fact the state argues that a remand is unnecessary under *State v. Kvam*, 336 N.W.2d 525 (Minn.1983). In *Kvam* the defendant was charged with aggravated driving under the influence. Despite substantial evidence showing a particularized and objective basis for suspecting criminal activity the trial court, without making findings of fact, held that the police illegally stopped the defendant. The supreme court reversed and did not remand for findings of fact, since it would have been reversible error on remand to find facts not justifying the stop. *Id.* at 528–9.

Whether the showing of probable cause in this case is sufficiently strong to meet the *State v. Kvam* standard is a difficult question. The standard in this case is higher than in *Kvam*. In *Kvam* the standard of proof was "a particularized and objective basis for suspecting" criminal activity sufficient to justify a stop. *Kvam* at 528. Here the standard is probable cause.

In deciding this case we recognize two general principles. First, only trial courts are in the position to evaluate witnesses. Accordingly their decisions on factual matters are subject to the high clearly erroneous standard of review. Second, appellate courts are courts of review. The jurisdiction of an appellate court is limited to questions actually decided by a trial court. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 68 (Minn.1979).

## DECISION

Because the evidence appears strong and for reasons of judicial economy, we would prefer to sustain the revocation. But in considering the justice of the matter rather than the convenience of the thing, we remand to the trial court for findings on whether the police had probable cause to

---

1. The private property issue was properly before the trial court since it is a question of law relevant to a finding of probable cause.

believe the petitioner was operating a motor vehicle while intoxicated.

On the issue of whether the implied consent statute applies to conduct on private property, we reverse.

Reversed in part and remanded to the trial court for findings of fact.