**Charles William KIENAST,**
**Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC**
**SAFETY, Respondent.**

**No. C6–84–44.**

Court of Appeals of Minnesota.

Sept. 4, 1984.

Mark G. Stephenson, Petersen & Stephenson, Rochester, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Vicki A. Sleeper, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This appeal arises out of the revocation of Charles William Kienast's driving privileges, pursuant to Minnesota Statutes Section 169.123 (1982), the implied consent statute. In his appeal, appellant focuses on the implied consent statute, and contends the Commissioner of Public Safety has failed to promulgate certain standards or rules. We affirm.

## FACTS

Appellant was stopped by Trooper J. Glenna of the Minnesota State Patrol. A breathalyzer test resulted in an alcohol concentration of .18, and appellant's license was revoked; the trial court sustained the revocation.

## ISSUES

1. Did the Commissioner fail to promulgate training standards for persons administering breath tests?

2. Did the Commissioner fail to approve a course of instruction for breathalyzer operators?

3. Did the Commissioner fail to promulgate standards for deriving alcohol concentrations from breath samples?

## ANALYSIS

1. Appellant claims the Commissioner failed to promulgate training standards for persons administering breath tests. This contention was rejected by the Minnesota Supreme Court in *Quimby v. State, Dept. of Public Safety*, 351 N.W.2d 629 (Minn.1984).

2. Appellant claims the Commissioner failed to approve a course of instruction for breathalyzer operators. This contention was also rejected by the Minnesota Supreme Court in *Quimby. Id.*

3. Appellant claims the Commissioner failed to promulgate standards for deriving alcohol concentrations from breath samples. This claim, however, was not stated with specificity in appellant's petition for review, contra to Minnesota Statutes Section 169.123, subd. 5c (1982). The petition herein alleged lack of probable cause, unlawful arrest, lack of advisory, and "tests did not validly indicate an alcohol concentration of 0.10 or more." Since appellant's contention was not properly raised in his petition for review, we cannot consider it on appeal. *Eveslage v. Commissioner of Public Safety*, 353 N.W.2d 623 (Minn.Ct.App.1984); *Schafer v. Commissioner of Public Safety*, 348 N.W.2d 365 (Minn.Ct.App.1984).

## DECISION

The trial court's order sustaining the revocation of appellant's driver's license is affirmed.

Affirmed.