**STATE of Minnesota, Respondent,**

v.

**Clarence CONNELLY, Appellant.**

No. C4–85–1784.

Court of Appeals of Minnesota.

June 24, 1986.

Review Denied Aug. 13, 1986.

Hubert H. Humphrey, III, Atty. Gen., William J. Watson, Ortonville, for respondent.

Ronald R. Fraunshuh, Jr., Ortonville, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and FOLEY and LANSING, JJ.

## OPINION

WOZNIAK, Judge.

Clarence Connelly appeals from a conviction for reckless driving, a misdemeanor. We affirm.

## FACTS

In April 1985, Connelly and his passenger drove to a state-owned gravel deposit. Connelly attempted to climb a sand pile with his four-wheel drive pickup truck which was outfitted with a roll-bar and other rough terrain equipment. Twice he was unsuccessful and had to come back down the hill. After a third unsuccessful attempt, the truck lost its footing when coming down the hill and rolled over. There was no personal injury, but there was damage to the vehicle.

Connelly was charged with reckless driving under Minn.Stat. § 169.13, subd. 1 (1984). The case was tried to a jury, and Connelly was found guilty and fined $500.

## ISSUES

1. Does the reckless driving statute apply to conduct on private property?

2. Has appellant properly raised the issue whether the reckless driving statute is unconstitutional?

3. Did the admission of certain photographs deprive appellant of a fair trial?

## ANALYSIS

1. Connelly claims that, because his driving occurred on private property, he was not subject to the reckless driving statute.

Minnesota Statute section 169.13, subd. 1 (1984) provides:

Any person who drives any vehicle in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving * * *.

Nothing in this particular subdivision limits its application to the operation of a vehicle on a public street or highway.

Minnesota Statute section 169.02, subd. 1 (1984) concerns the scope of Chapter 169:

The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways * * * except:

(1) Where a different place is specifically referred to in a given section;

(2) The provisions of sections 169.09 to *169.13* apply to *any person* who drives, operates, or is in physical control of a motor vehicle *within this state* or upon the ice of any boundary water of this state.

(Emphasis added.) This subdivision thus expressly provides that the reckless driving statute applies to reckless driving which occurs anywhere within the state and does not limit "reckless driving" to a public street or highway.

█ The language of these statutes requires the conclusion that the reckless driving statute, section 169.13, does apply to conduct on private property. *See also State v. Carroll*, 225 Minn. 384, 31 N.W.2d 44 (1948) (interpreting the predecessor to the current section 169.02 and holding that a person can be found guilty of driving under the influence for driving which occurs anywhere within the state).

Connelly asserts that such a construction of the reckless driving statute significantly increases the scope of the statute and goes beyond the intent of the Minnesota Legislature. He notes that under such a construction even a snowmobiler could be convicted of reckless driving for going up a snow-covered hill. He adds that he was driving slowly and carefully under the circumstances and at most was guilty of using poor judgment.[1]

However, Minnesota courts are limited in their freedom to consider legislative intent:

When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of

---

1. We note that sufficiency of the evidence was not an issue raised in this appeal.

the law shall not be disregarded under the pretext of pursuing the spirit.

Minn.Stat. § 645.16 (1984). Only when the words of a statute are not explicit can legislative intent be considered. *Id.* Because the language of sections 169.13, subd. 1, and 169.02, subd. 1, is free from ambiguity, this court can only enforce the statutes literally as they read. While we are not unmindful of the implications of this decision for farm, rough-terrain, and other recreational vehicles, and while we question the wisdom of the choice of charge, we are guided by the words of the supreme court in *Norris Grain Co. v. Seafarers' International Union,* 232 Minn. 91, 109–10, 46 N.W.2d 94, 105 (1950):

> Neither the wisdom of the laws nor their adequacy to accomplish a desired purpose may be taken into consideration by courts in determining what interpretation the laws should have; we must give effect to them as they are, regardless of our personal opinion regarding their adequacy.

 2. Connelly also contends that section 169.13 is unconstitutional as applied because it is vague.

In *State v. Bolsinger,* 221 Minn. 154, 170, 21 N.W.2d 480, 490 (1946), the supreme court held that "statutes employing such standards as 'reckless' and 'grossly negligent' in connection with the operation or driving of vehicles are sufficiently definite to comply with due process." If the term "reckless" is itself sufficient to withstand due process scrutiny, then certainly its more complete definition in section 169.13 also is sufficient. Moreover, the court in *Bolsinger* defined the term "reckless" by reference to section 169.13. *Id.* at 157, 21 N.W.2d at 484.

3. The remaining issue is whether the conduct of the prosecutor was so prejudicial as to require a new trial.

> Whether a new trial should be granted because of misconduct of the prosecuting attorney is governed by no fixed rules but rests within the discretion of the trial judge, who is in the best position to appraise its effect. The court's determination should be reversed on appeal only where the misconduct, viewed in the light of the whole record, appears to be inexcusable and so serious and prejudicial that defendant's right to a fair trial was denied.

*State v. Wahlberg,* 296 N.W.2d 408, 420 (Minn.1980) (citations omitted).

Connelly asserts that the prosecutor committed misconduct when the State introduced as evidence certain photographs which did not accurately depict the area in which the incident occurred. The deception, he states, lies in the fact that the exhibits did not show trees in the vicinity of the sand pile and, after trial, he discovered two trees within 15 feet of the pile. Connelly contends that this distinction is important to the issue of shifting sand; the prosecution argued that shifting sand posed a hazard and Connelly asserts that the trees indicate non-shifting sand.

 However, at trial both the passenger and the sheriff testified that the photographs accurately represented the scene of the incident. Also, the shifting sand was only a minor issue in the trial. The trial court did not abuse its discretion by not granting a new trial.

Connelly also argues that the strategy used by the prosecution was an attempt to deny him his right to a jury trial. This contention is meritless. Connelly received his jury trial.

## DECISION

The reckless driving statute applies to conduct on private property and appellant was not denied a fair trial.

Affirmed.