STERN ET UX. *v.* COMPTROLLER OF THE TREASURY,
STATE OF MARYLAND

[No. 219, September Term, 1973.]

*Decided March 19, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY,
SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Albert S. Barr, III* and *G. Van Velsor Wolf,* with whom
were *Piper & Marbury* on the brief, for appellants.

*Jon F. Oster, Assistant Attorney General,* with whom was
*Francis B. Burch, Attorney General,* on the brief, for
appellee.

SINGLEY, J., delivered the opinion of the Court.

Gerald D. Stern and Doris Stern, his wife, are residents of Montgomery County. This case raises a narrow question: are the Sterns entitled to claim a credit for income taxes paid another state (in this case the State of New York) against that portion of their Maryland income tax which would be collected by the Comptroller and paid to the county where the Sterns reside?

The relevant statutory material is found in Maryland Code (1957, 1969 Repl. Vol.) Art. 81. The credit allowed Maryland residents for income taxes paid another state was provided by Chapter 277, § 12 of the Laws of 1939, which became section 224 of article 81, and survives unchanged as section 290:

> "Whenever a resident individual of this State has become liable for income tax to another state upon such part of his net income for the taxable year as is properly subject to taxation in such state, *the amount of income tax payable by him under this subtitle* shall be reduced by the amount of the income tax so paid by him to such other state upon his producing to the Comptroller satisfactory evidence of the fact of such payment; but application of such credit shall not operate to reduce the tax payable under this subtitle to an amount less than would have been payable if the income subjected to tax in such other state were ignored. . . ." (Emphasis supplied.)

Provision was first made for the imposition of a local income tax by the several counties and the City of Baltimore, to be collected by the Comptroller of the Treasury, by Chapter 142, § 6 of the Laws of 1967. As amended, the provision now appears in section 283. Code (1957, 1969 Repl. Vol., 1973 Cum. Supp.) Art. 81, § 283 (a) provides in part:

> "The county council or board of county commissioners of any county and the mayor and

city council of Baltimore, by ordinance or resolution enacted pursuant to their ordinary and regular legislative procedure, shall adopt, by reference, a local income tax imposed upon the residents of any county or Baltimore City as a percentage of the liability of such resident for State income tax. Any ordinance or resolution so enacted shall impose a rate of tax for any current calendar year and may provide that such tax rate shall continue in effect for each succeeding calendar year, unless and until such tax rate is changed or modified by a subsequent ordinance or resolution. Any income tax so adopted shall not be less than twenty (20) percent nor more than fifty (50) percent of the State income tax liability of such resident, and any such tax imposed, and any increase or decrease in any tax so imposed, shall be in increments of five (5) percent."

As we pointed out in *Katzenberg v. Comptroller*, 263 Md. 189, 191-92, 282 A. 2d 465, 466-67 (1971), Maryland's income tax law was completely restructured in 1967, by adopting as a base for Maryland income tax purposes the adjusted gross income of an individual taxpayer and the taxable income of a corporate taxpayer, as determined under the Internal Revenue Code, to which certain amounts are added, and from which other amounts are deducted. On the resulting figure, a graduated tax is imposed in the case of an individual, and a non-graduated tax, in the case of corporations. The 1967 revision also incorporated the concept of a local tax for the first time. Despite the sweeping revision, however, the scheme of exemptions, exclusions, and deductions contained in the prior law remained, with some modifications. Of particular significance here is the fact that section 290 remained unchanged.

For the calendar years 1969 and 1970, the Sterns filed Maryland income tax returns on which they took as a credit against both the State and local income tax the amount of income taxes paid the State of New York. For example, in 1970, they reported for Maryland tax purposes, taxable net

income of $72,561.00, of which $72,453.00 was subject to income tax in New York, on which a New York State income tax of $8,678.00 was paid.[1] The Sterns calculated their total Maryland income tax, before claiming the credit under section 290, at $5,352.00, of which $3,568.00 was payable to the State of Maryland and $1,784.00 was payable to the Comptroller for the account of Montgomery County.[2] Accordingly, their pro forma Maryland income tax liability was $3,326.00 less than the amount paid the State of New York.

The Comptroller assessed a deficiency of $1,684.08 together with penalty and interest respecting the Sterns' 1970 return, for a total of $1,903.01. A deficiency of $260.73 plus interest had been similarly assessed for 1969. On appeal to the Maryland Tax Court, the Comptroller's assessments for 1969 and 1970 were affirmed, and this appeal followed.

We think that the case turns simply on a question of statutory construction. When section 290 provides that "*the amount of income tax payable by him under this subtitle* shall be reduced by the amount of the income tax so paid by him to such other state" (emphasis supplied), reference is clearly being made to taxes imposed by sections 279 through 323A of article 81, subtitled "Income Tax." While the argument that the tax is actually imposed by the ordinance or resolution adopted by the political subdivision is liminally attractive, its appeal is considerably attenuated by the provision of section 283 (c) that "Local income taxes imposed pursuant to this section shall be subject to the provisions of § 312 of this subtitle relating generally to withholding at the source, declaration of estimated tax due, and remittance thereof to the Comptroller." Further, section 283 (a) has provided since 1969 that the counties and Baltimore City

---

1. By agreement of the parties, only the year 1970 was considered below, and the result reached as regards the 1970 return was to be controlling in respect of the 1969 return.

2. Pursuant to Code (1957, 1969 Repl. Vol.) Art. 81, § 283 (a), Montgomery County had, for 1970, adopted a local income tax equivalent to 50% of a resident's Maryland income tax, Laws of Montgomery County 1970, Resolution No. 6-2838.

"*shall adopt*" (emphasis supplied) local income taxes.[3] There is no discretion in the subdivisions to adopt or refuse to adopt such a tax; the imposition of the tax is mandatory, and it is only with respect to the establishment of the rate of tax that the local governments retain a modicum of flexibility. In other words, one mechanism, that prescribed by the subtitle, is used for the collection of the tax imposed by section 288 (a) (individuals), section 288 (b) (corporations), and that created by section 283.

The Comptroller would have us hold that *Coerper v. Comptroller*, 265 Md. 3, 288 A. 2d 187 (1972), is dispositive of the issue presented in this case. Admittedly, the Coerpers were similarly situated taxpayers because they were residents of Montgomery County and a substantial portion of their income was subject to the income tax imposed by the State of New York. At this point the analogy ends, since the Coerpers' argument was that the local tax should be computed by taking the appropriate percentage of the Maryland tax *after* it had been reduced by the credit allowed for taxes paid New York State.

Judge Smith, for the Court, rejected the Coerpers' contention with the following illustration, which although stated as a hypothetical situation, is based on the facts of the case:

> "An example of a practical application of the Coerper argument can be seen in this hypothetical situation. If a taxpayer's income tax liability to the State of Maryland for 1968 were $1,185.89, but he received a credit for taxes paid to another state in the amount of $1,158.74, the balance then remaining due the State of Maryland would be $27.15. If that taxpayer resided in a county imposing a local tax of 35% of the state income tax

---

**3.** As section 283 (a) originally appeared in Chapter 142, § 6 of the Laws of 1967, it provided that the counties and Baltimore City "may adopt" local income taxes. However, section 323, also enacted by Chapter 142, § 6, required each county and Baltimore City to impose an income tax for the calendar year 1967. The discretionary language in section 283 (a) became obligatory by Chapter 422 of the Laws of 1969, effective 1 July 1969, when "may adopt" was amended to read "shall adopt."

liability, as some counties did, the amount of local tax due the county would be $9.50. A next door neighbor with similar income, exemptions, and deductions, but with no credit for income tax paid to another state, would pay his county $415.06 income tax. Under the Coerper argument the language of § 292, § 288 (g), and Art. 23, § 427, to which we have alluded, would also call for the deduction of those items in the computation of 'state income tax liability' and place the 'piggy back' tax on the remaining result." *Coerper v. Comptroller, supra,* 265 Md. at 8, 288 A. 2d at 189.

The point made by the Sterns was neither raised in nor decided by *Coerper.* The Coerpers' 1968 Maryland return developed a basic liability to the State of $1,185.89, against which the taxpayers took a credit of $1,158.74 for income taxes paid the State of New York. What they attempted to do was to compute their local tax by taking 35% of $27.15, the difference between the liability and the credit. The tax court found, and we agreed, that the local tax was 35% of $1,185.89, the liability before taking the credit. The Sterns' situation, however, was wholly different. When they took credit for the amount of income tax paid New York, the liability developed by their Maryland returns for the basic tax payable to the State, as well as for the local tax allocable to Montgomery County, was entirely eliminated.

> *Orders of Maryland Tax Court, affirming assessments made by Comptroller for calendar years 1969 and 1970, reversed. Costs to be paid by appellee.*