# Department of Taxation, Commonwealth of Virginia

## v.

## John C. Smith, et al.

Record No. 831753

November 26, 1986

Present: All the Justices

*Julia K. Hatcher, Assistant Attorney General (Gerald L. Baliles, Attorney General; Kenneth W. Thorson, Senior Assistant Attorney General,* on briefs), for appellant.

*Jonathan J. Broome, Jr. (James M. Rees; Henry F. Brandenstein, Jr.; Reese, Broome & Diaz, P.C.,* on brief), for appellees.

RUSSELL, J., delivered the opinion of the Court.

The sole question presented by this appeal is whether residents of Maryland, who earn income in Virginia, are entitled to credit against Virginia income taxes for payments of taxes on the same income collected by Maryland under that state's "piggyback" local income tax law. The question is entirely one of statutory interpretation; the facts were stipulated in the trial court.

Maryland's income taxes are divided into two components: a state income tax by Md. Ann. Code (1957), art. 81 § 280 (Repl. Vol. 1980), and a local income tax, collected by the state and remitted by the state to the localities. The local income tax is mandated by Md. Ann. Code (1957), art. 81 § 283:

> (a) *Counties and City of Baltimore shall adopt tax by reference; rate.* — The county council or board of county commissioners of any county and the mayor and city council of Baltimore, by ordinance or resolution enacted pursuant to their ordinary and regular legislative procedure, shall adopt, by reference, a local income tax imposed upon the residents of any county or Baltimore City as a percentage of the liability of such resident for State income tax. Any ordinance or resolution so enacted shall impose a rate of tax for any current calendar year and may provide that such tax rate shall continue in effect for each succeeding calendar year, unless and until such tax rate is changed or modified by a subsequent ordinance or resolution. Any income tax so adopted shall not be less than twenty (20) percent nor more than fifty (50) percent of the State income tax liability of such resident, and any such tax imposed, and any increase or decrease in any tax so imposed, shall be in increments of five (5) percent.

The dispute concerns only whether credit is due against Virginia income taxes for taxes paid in Maryland pursuant to this "piggy-

back" provision. The Virginia Department of Taxation (Department) concedes that credit is due for payments of Maryland *state* income taxes made by Maryland residents based upon their Virginia-source income.

Credit for foreign income taxes paid by nonresidents of Virginia on Virginia-source income was provided by Code § 58-151.015:[1]

### Credits for taxes paid other states.

. . . .

(b) Whenever a nonresident individual of this State has become *liable for income tax to the state where he resides* upon his Virginia taxable income for the taxable year, derived from Virginia sources and subject to taxation under this chapter, the amount of income tax payable by him under this chapter shall be credited with such proportion of the tax so payable by him to the state where he resides, upon proof of such payment, as his income subject to taxation under this chapter bears to his entire income upon which the tax so payable to such other state was imposed; provided, that such credit shall be allowed only if the laws of such state: (1) grant a substantially similar credit to residents of this State subject to income tax under such laws or (2) impose a tax upon the income of its residents derived from Virginia sources and exempt from taxation the income of residents of this State. No credit shall be allowed against the amount of the tax on any income taxable under this chapter which is exempt from taxation under the laws of such other state.

(Emphasis added.)

In 1982, John C. Smith, Tilford A. Jones, and David P. Weaver, (collectively, the taxpayers), filed individual applications for correction of erroneous assessments in the Circuit Court of Arlington County. They alleged that they were residents of Maryland who earned income in Virginia, that they were taxed on that income in both states, that they had claimed credit against Virginia taxes for taxes paid to Maryland, and that the Department had disallowed such credit and had erroneously assessed them with Virginia income taxes in violation of Code § 58-151.015(b).

In a written opinion, the trial court held that the local income taxes paid in Maryland pursuant to that state's "piggyback" pro-

---

[1] Replaced, with amendments not pertinent here, in 1985, by Code § 58.1-332.

vision were, in fact, paid to the State of Maryland upon income derived from Virginia sources. Further, the court ruled that Maryland extended a substantially similar credit to Virginia residents by virtue of Md. Ann. Code (1957) art. 81 § 291, which is nearly a mirror image of our Code § 58-151.015. Accordingly, the court found the Department's assessments to be erroneous and ordered refunds to the taxpayers, with interest, for the stipulated amounts for which credit was due. We granted the Department an appeal.

Because it is apparent that Maryland grants to Virginia residents credits substantially similar to those claimed here for state income taxes, we focus on the sole remaining question in the case, whether the taxpayers, with respect to the Maryland taxes for which credit is claimed, have become "liable for income tax to the state" of Maryland. For the answer, we must look to the law of Maryland.

In *Stern* v. *Comptroller of the Treasury*, 271 Md. 310, 316 A.2d 240 (1974), the Maryland Court of Appeals was asked to determine whether income taxes paid by Maryland residents to the State of New York qualified for a credit in Maryland for that part of their taxes collected by the State under the "piggyback" statute and eventually paid over to the localities.[2] The Comptroller took the position that the "piggyback" tax imposed by § 283 was a local tax, not subject to the credit. The Court of Appeals disagreed, and held that the taxpayers were entitled to credit under § 290 against all taxes imposed in Maryland on the same income as had been taxed in New York, without any distinction between state and local income taxes.

In 1974, apparently in response to *Stern*, the Maryland General Assembly amended Art. 81, § 290 by adding subsection (b):

Notwithstanding the aforegoing, with respect to the taxable year 1974 and each taxable year thereafter, the credit provided for by this section operates to reduce only the State income tax payable under this subtitle and does not operate to reduce any local income tax imposed under § 283 of this article.

---

[2] Md. Ann. Code (1957) art. 81 § 290 provides credit against Maryland income taxes for income taxes paid by Maryland residents to those states which, unlike Virginia, do *not* offer reciprocal credit such as that provided by our Code § 58-151.015.

■ We must regard this legislative determination as definitive. Maryland has elected to treat its local income tax and its state income tax differently. Despite the fact that both are collected by the state, they are segregated for different uses. The local tax rate, within specified limits, is set by the respective localities for whose benefit the tax is collected. The Maryland statutes refer to it only as a "local income tax." Most significantly, when the Maryland General Assembly contemplated a situation, the reverse of that presented by this case, where Maryland residents claimed credit against Maryland taxes for taxes on the same income paid to a state which did *not* offer reciprocal credit, the decision was made to credit state, but not local, income taxes with the amount paid the foreign state.

■ Because of the foregoing classification made by the Maryland General Assembly, we conclude that the local income tax imposed by Md. Ann. Code (1957) art. 81 § 283 is not an "income tax to the state" within the meaning of our Code § 58-151.015 (now § 58.1-332) and therefore does not qualify for the credit against Virginia income taxes provided by the latter section. Accordingly, we will reverse the three orders entered by the trial court which adjusted assessments and ordered refunds to the taxpayers. We will reinstate the assessments made by the Department and enter final judgment here.

*Reversed and final judgment.*