890 A.2d 279

**COMPTROLLER OF THE TREASURY**

v.

**Edward L. BLANTON, Jr., et al.**

**No. 15, Sept. Term, 2005.**

Court of Appeals of Maryland.

Jan. 12, 2006.

530

Cristina A. Milnor, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland, of Baltimore), on brief, for appellant.

Jan I Berlage (Ballard, Spahr, Andrews & Ingersoll, LLP, Edward L. Blanton, Jr. of Baltimore), on brief, for appellee.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

GREENE, J.

In this case, we must determine whether a tax credit provided pursuant to Maryland Code (1998, 2004 Repl.Vol.), § 10–703(a) of the Tax–General Article, may be applied to

both State and local income taxes paid by an individual.[1] We hold that § 10–703(a) of the Tax–General Article does not reduce the amount owed by a Maryland resident for local income tax. The tax credit may be applied only to reduce the amount of an individual's state income tax liability. In so holding, we reverse the judgment of the Circuit Court for Baltimore County that, for the purposes of the tax credit in § 10–703(a), "State income tax" includes both State and local income taxes.

Edward L. Blanton, Jr., and his wife, Estelle E. Blanton (collectively "the Blantons") contested their 2001 income tax assessment by filing a complaint with the Maryland Comptroller of the Treasury (hereafter "Comptroller"). A hearing officer from the Comptroller's office determined that the tax credit applied exclusively to reduce state income taxes.[2] The Blantons appealed to the Maryland Tax Court and that administrative body affirmed the Comptroller's decision. The Blantons filed a petition for judicial review in the Circuit Court for Baltimore County. After a hearing in the Circuit Court, the hearing judge reversed the decision of the Tax Court. On November 10, 2004, the Comptroller appealed that decision to the Court of Special Appeals. Before that court could decide the appeal, we issued, on our initiative, a writ of certiorari. *Comptroller v. Blanton*, 387 Md. 122, 874 A.2d 917 (2005).

### Facts

The underlying facts in this case are largely undisputed. In 2001, the Blantons, as residents of Baltimore County, Maryland, held property interests in North Carolina and paid income taxes in both states. On August 15, 2002, the Blantons filed a 2001 Form 502 Resident Maryland Tax Return ("Form

---

1. Section 10–703(a), in relevant part, states, "a resident may claim a credit only against the State income tax."

   Additionally, for purposes of this opinion, the terms "local" and "county" income tax are synonymous.

2. Certain individuals may request a credit against their income tax withheld. Md.Code (1988, 2004 Repl.Vol.), § 10–701 of the Tax—General Article.

502"). The Blantons' federal adjusted gross income was $360,036.00 and their Maryland taxable net income was $287,676.00. The Maryland State income tax was $13,754.44 and the local Baltimore County tax was $8,026.16, for a combined total of $21,780.60. The Blantons were allowed a credit of $10,905.60, calculated under the Maryland tax formula, for taxes paid to North Carolina for North Carolina income tax. After application of the credit, the Blantons owed $2,849.44 for State income tax, while the local income tax portion remained at $8,026.16. The total combined amount of Maryland and local tax owed was $10,875.60. The amount owed after prior payments, taxes withheld, and all credits and offsets was $4,637.60, not including interest and penalties. Instead of paying the amount of tax assessed by this State, the Blantons subtracted the North Carolina income tax amount of $16,782.00 from $21,780.60, which yielded a difference of taxes owed as $4,998.00.[3] Further, the Blantons enclosed a letter with their Maryland income taxes in which they challenged the layout of Form 502. Specifically, they argued that the flaw in Form 502 exists in the fact that the State and local income taxes are calculated independently of each other. The Comptroller disregarded the letter and sent a letter to the Blantons, requiring them to pay the outstanding tax balance of $4,637.60.[4] In a letter dated October 22, 2002, the Blantons requested an informal hearing on the assessment. A hearing was later held. In the Notice of Final Determination, dated January 13, 2003, the Comptroller affirmed the assessment, finding that the Legislature intended a credit against the State income tax only.[5] Among other

---

3. The Blantons paid the Comptroller $1,337.00, and aver that they had previously paid $3,661.00, which totaled $4,998.00.

4. In October 2002, the total amount was $5,512.65, which included tax penalties and interest. The penalties and interest are not at issue and, due to the escalating nature, are not included in our discussion.

5. In January 2003, the tax liability amount was $4,637.60 and the total assessment was $5,562.17, with the inclusion of penalties and interest.

things, the Comptroller stated that the definition of "State" under § 1–101(u) excluded counties or local districts.[6]

On January 28, 2003, the Blantons filed a "Petition of Appeal" with the Maryland Tax Court. On December 3, 2003, a hearing was held where both parties presented oral arguments. The Tax Court determined that the Legislature defined State tax and local tax as two distinct taxes, and, as such, they "are not the same, they are two separate ideas." Further, the Tax Court concluded that § 10–703(a) of the Tax–General Article that states "a resident may claim a credit only against the State income tax" directs a credit against the State income tax only. In addition, on December 18, 2003, the Tax Court affirmed the Comptroller's decision and held that the Legislature intended for the credit to apply against the State income tax and not the local income tax.

On January 7, 2004, the Blantons filed a petition for judicial review in the Circuit Court for Baltimore County. On July 23, 2004, a hearing was held. Thereafter, on October 15, 2004, the Circuit Court reversed the decision of the Tax Court and held that an ambiguity existed with the term "State income tax." The Circuit Court further held that the definition of "State income tax" also includes local income tax for purposes of the tax credit under § 10–703(a) of the Tax—General Article.[7]

### Standard of Review

This Court recently examined, in detail, a court's role in reviewing an administrative agency's adjudicatory decision, and held that

a court's task on review is *not* to "substitute its judgment for the expertise of those persons who constitute the admin-

6. The term "State" means "(1) a state, possession, territory, or commonwealth of the United States." Md.Code (1998, 2004 Repl.Vol.), § 1–101(u)(1) of the Tax—General Article.

7. The Circuit Court held that the definition of "State income tax" "reverted back to the interpretation contained in *Stern [v.Comptroller*, 271 Md. 310, 316 A.2d 240 (1974)]." *See infra* at 14–16.

istrative agency," *United Parcel v. People's Counsel,* ...
336 Md. [569,] ... 576–577, 650 A.2d [226,] ... 230 [(1990)],
quoting *Bulluck v. Pelham Wood Apts.,* ... 283 Md. [505,]
... 513, 390 A.2d [1119,] ... 1124 [(1978)]. Even with
regard to some legal issues, a degree of deference should
often be accorded the position of the administrative agency.
Thus, an administrative agency's interpretation and applica-
tion of the statute which the agency administers should
ordinarily be given considerable weight by reviewing courts.
*Lussier v. Md. Racing Commission,* 343 Md. 681, 696–697,
684 A.2d 804, 811–812 (1996), and cases there cited; *McCul-
lough v. Wittner,* 314 Md. 602, 612, 552 A.2d 881, 886 (1989)
("The interpretation of a statute by those officials charged
with administering the statute is ... entitled to weight.").
Furthermore, the expertise of the agency in its own field
should be respected. *Fogle v. H & G Restaurant,* 337 Md.
441, 455, 654 A.2d 449, 456 (1995); *Christ v. Department of
Natural Resources,* 335 Md. 427, 445, 644 A.2d 34, 42 (1994)
(legislative delegations of authority to administrative agen-
cies will often include the authority to make "significant
discretionary policy determinations"); *Bd. of Ed. for Dor-
chester Co. v. Hubbard,* 305 Md. 774, 792, 506 A.2d 625, 634
(1986) ("application of the State Board of Education's exper-
tise would clearly be desirable before a court attempts to
resolve the" legal issues).

*Maryland Aviation Administration v. Noland,* 386 Md. 556,
571–72, 873 A.2d 1145, 1154–55 (2005), quoting *Board of
Physician Quality Assurance v. Banks,* 354 Md. 59, 68–69,
729 A.2d 376, 381 (1999) (alternation in original) (alterations
added) (footnote omitted).

■ Recognizing that the agency's decision is "prima facie
correct and presumed valid," "we must review the agency's
decision in the light most favorable to it." *Comptroller of the
Treasury v. Citicorp Int'l. Commc'ns,* 389 Md. 156, 163, 884
A.2d 112, 116 (2005)(quoting *Ramsay, Scarlett & Co. v. Comp-
troller,* 302 Md. 825, 834–35, 490 A.2d 1296, 1301 (1985));
Md.Code (1998, 2004 Repl.Vol.) § 13–411 of the Tax–General
Article ("[a]n assessment of tax ... is prima facie correct").

■ Unless the Tax Court's decision was erroneous as a matter of law, or its conclusion was not supported by substantial evidence, we must affirm that decision. *See Citicorp*, 389 Md. at 164, 884 A.2d at 117; *CBS v. Comptroller*, 319 Md. 687, 697–98, 575 A.2d 324, 329 (1990) (internal quotations and citations omitted).

## Analysis

■ The issue in this case is whether the language of § 10–703(a) of the Tax—General Article allows for a credit solely toward the State income tax, or allows for a credit toward both State and local income taxes. We hold that the statute refers only to the State income tax.

The Comptroller maintains that the Circuit Court erred when it failed to recognize that only non-substantive changes were made to § 10–703(a) of the Tax–General Article during the Legislature's revision of the tax code in 1988.[8] The Comptroller argues that when the Legislature undertakes code recodification, any modifications or enactments ordinarily are non-substantive, unless the Legislature denotes otherwise. Further, the Comptroller contends that the plain language of § 10–703(a), which states that a taxpayer may "claim a credit only against the State income tax," explicitly means that the local tax is not available for the credit.

■■ The Blantons argue that the Legislature intended that § 10–703(a) of the Tax—General Article include both State and local income tax; thus, the Maryland Tax Return,

---

**8.** The Comptroller also contends that the trial court ignored the plain language of Maryland Code (1998, 2004 Repl.Vol.), §§ 10–101(d) and (n) of the Tax—General Article which defines "state income tax" and "county income tax" separately, as:

(d) County income tax.—"County income tax" means the county tax on income authorized in § 10–103 of this subtitle.

\* \* \* \*

(n) State income tax.—"State income tax" means the State tax on income imposed under this title.

Form 502, which separates computation of State and local taxes, is inaccurate.[9]

The issue *sub judice* is one of statutory interpretation. The cardinal rule of statutory interpretation is to ascertain and effectuate legislative intent. *O'Connor v. Baltimore County*, 382 Md. 102, 113, 854 A.2d 1191, 1198 (2004); *Privette v. State*, 320 Md. 738, 744, 580 A.2d 188, 191 (1990) (citations omitted). We may consider the general purpose and aim of a statute in an effort to discern legislative intent. *Kaczorowski v. City of Baltimore*, 309 Md. 505, 513, 525 A.2d 628, 632 (1987). Our long-standing rule is that if the language used in

---

9. The Blantons argue that a violation of this State's policy against double taxation occurred when the Blantons were not allowed a credit for the full amount they paid toward North Carolina income taxes.

We find that the Blantons' double taxation argument is unpersuasive. The Legislature resolved the double taxation issue by providing a credit toward State income tax under § 10–703 of the Tax–General Article. Although § 10–703 was enacted to allow taxpayers to avoid double taxation to some extent, it also required that Maryland receive, at the least, the income tax on the income attributable to Maryland, regardless of the amount paid to another state. *See Comptroller v. Hickey*, 114 Md.App. 388, 401, 689 A.2d 1316, 1322 (1997); § 10–703(c)(1)(i) and (ii) of the Tax—General Article.

Further, the Blantons argue that they should pay local tax on the amount earned in Maryland and not on the adjusted gross income for federal income tax purposes, which included income from both states. In response to the Blantons' contention, we turn to *Coerper v. Comptroller*, 265 Md. 3, 6, 288 A.2d 187, 188 (1972), where the taxpayer maintained that the amount paid to New York in income tax should be deducted from his state and county income taxes. The Court held that if the taxpayers were allowed to pay a lesser amount of county income tax, it "would have the possible absurd result of the Coerpers paying little or no local tax for the services provided by the county while a neighbor with similar income, exemptions, and deductions might be paying a substantial local tax to support those services." *Id.* at 8, 288 A.2d at 189. The court continued, writing that

[t]he key word here is "credit." The General Assembly granted a credit against the tax liability of a taxpayer. When it referred to state income tax liability it meant the amount of tax computed as due from a taxpayer on his income after allowance of the usual deductions and exemptions. The fact that there might be credited against that tax liability losses arising from ... sums paid other states for income taxes was not intended to reduce one whit the liability of the taxpayer or the sum payable by the taxpayer to the local subdivision.

the statute is clear, unambiguous, and consistent with its objective, the words will be accorded their ordinary meaning. *Ayres v. Townsend,* 324 Md. 666, 672, 598 A.2d 470, 473 (1991) (citations omitted); *see G. Heileman Brewing Co. Inc. v. Stroh Brewery Co.,* 308 Md. 746, 755, 521 A.2d 1225, 1230 (1987).

We focus our attention mainly on Maryland Code (1988, 2004 Repl.Vol.), § 10–703(a) of the Tax—General Article, which provides in relevant part:

### § 10–703   Tax paid to another state

(a) Except as provided in subsection (b) of this section, *a resident may claim a credit only against the State income tax* for a taxable year in the amount determined under subsection (c) of this section for State tax on income paid to another state for the year.

(Emphasis added.)

The plain language of § 10–703(a) is unambiguous. The word "only" is defined as "without others or anything further; alone; solely; exclusively...." Random House Dictionary of the English Language 1354 (2nd ed.1987). *See Motor Vehicle Administration v. Jones,* 380 Md. 164, 177, 844 A.2d 388, 395–96 (2004); *Riemer v. Columbia Medical Plan, Inc.,* 358 Md. 222, 239–40 & n. 7, 747 A.2d 677, 686–87 & n. 7 (2000). *See also Gorge v. State,* 386 Md. 600, 613, 873 A.2d 1171, 1179 (2005) (stating that the words "only if" have only one unambiguous and ordinary meaning). Further, Maryland has long accepted the doctrine of *expressio (or inclusio) unius est exclusio alterius,* or the expression of one thing is the exclusion of another. Black's Law Dictionary 1717 (8th ed.2004). *Baltimore Harbor v. Ayd,* 365 Md. 366, 385, 780 A.2d 303, 314 (2001) (holding that "[w]e have long applied the principal of statutory construction, *'expressio unius est exclusio alterius'*...."). *Accord Biggus v. Ford Motor Credit Co.,* 328 Md. 188, 214, 613 A.2d 986, 999 (1992) (stating, "[t]his is in keeping with the familiar maxim of statutory construction that *'expres-*

*Id.* In light of our holding in *Coerper,* we reject the Blantons' contention.

*sio unius est exclusio alterius* '—the expression of one thing is the exclusion of another. Maryland has long recognized this basic rule").

■ When attempting to discern legislative intent, "[i]t is a well-settled practice of this Court to refer to the Revisor's Notes when searching for legislative intent of an enactment." *Dean v. Pinder,* 312 Md. 154, 163, 538 A.2d 1184, 1189 (1988) (citing *Allers v. Tittsworth,* 269 Md. 677, 683, 309 A.2d 476, 480 (1973)); *Murray v. State,* 27 Md.App. 404, 409, 340 A.2d 402, 405 (1975) (stating that it is well known that Revisor's Notes express legislative intent). *See also Kane v. Schulmeyer,* 349 Md. 424, 435, 437, 708 A.2d 1038, 1044, 1045 (1998) (noting that when this Court analyzed a venue statute it stated that, "a fair indication of legislative intent is discernable from the Revisor's Notes" and "[t]hat intent is unmistakably revealed . . . in the Revisor's Note"); *Briggs v. State,* 289 Md. 23, 30–31, 421 A.2d 1369, 1374 (1980) (recognizing that when this Court interpreted the trial de novo rule, we noted that the Revisor's Notes denote legislative intent).

■ When a substantial part of an Article is revised, "[a] change in the phraseology of a statute as part of a recodification will ordinarily not be deemed to modify the law unless the change is such that the intention of the Legislature to modify the law is unmistakable." *Rettig v. State,* 334 Md. 419, 427, 639 A.2d 670, 674 (1994) (quoting *Office of Prof. Employees Int'l. v. MTA,* 295 Md. 88, 100, 453 A.2d 1191, 1197 (1982)). Further, it is well-settled that:

"[Recodification] of statutes is presumed to be for the purpose of clarity rather than change of meaning and, thus, even a change in the phraseology of a statute by a codification will not ordinarily modify the law unless the change is so radical and material that the intention of the Legislature to modify the law appears unmistakably from the language of the Code." *Hoffman v. Key Fed. Sav. & Loan Ass'n,* 286 Md. 28, 37, 416 A.2d 1265, 1269 (1979). *See also Tipton v. Partner's Mgmt. Co.,* 364 Md. 419, 773 A.2d 488 (2001); *Riemer v. Columbia Med. Plan., Inc.,* 358 Md. 222, 747 A.2d

677 (2000); *Blevins & Wills v. Baltimore County, Maryland,* 352 Md. 620, 724 A.2d 22 (1999); *Giant Food, Inc. v. Dept. of Labor,* 356 Md. 180, 738 A.2d 856 (1999); *DeBusk v. Johns Hopkins Hosp.,* 342 Md. 432, 677 A.2d 73 (1996); *Rohrbaugh v. Estate of Stern,* 305 Md. 443, 505 A.2d 113 (1986); *Duffy v. Conaway,* 295 Md. 242, 455 A.2d 955 (1983); *In Re Special Investigation No. 236,* 295 Md. 573, 458 A.2d 75 (1983); *Office & Prof. Employees Int'l Union v. MTA,* 295 Md. 88, 453 A.2d 1191 (1982); *Bureau of Mines v. George's Creek,* 272 Md. 143, 321 A.2d 748 (1974); *Welch v. Humphrey,* 200 Md. 410, 90 A.2d 686 (1952).

*Md. Div. of Labor and Industry v. Triangle Gen. Contractors, Inc.,* 366 Md. 407, 422, 784 A.2d 534, 543 (2001) (alteration in original).

In the case *sub judice,* if the General Assembly had intended to include, in the availability of the tax credit, both State and local income tax, it could have clearly stated that intent. It did not. Instead, the Legislature used the words "only . . . State income tax." In its expression of one narrow objective (a credit against only the State income tax), it canceled out all other possibilities. The word "only" is limited by what it expresses, the credit applies only toward the State portion of the income tax, not the local income tax. The plain meaning of the statute is that the local tax is excluded, and only State tax may be offset or reduced. We hold that § 10–703(a) of the Tax–General Article shows a clear legislative intent to limit the credit to State income tax to Maryland residents who also pay income tax to another state.

The language in Maryland Code (1988, 2004 Repl.Vol.), § 10–706 of the Tax—General Article is further support for the proposition that § 10–703(a) of the Tax—General Article limits the credit to State income tax. Section 10–706, when read in conjunction with Section 10–703, specifically allocates how the credit should be applied. Section 10–706, states:

**§ 10–706. Taxes credit allowed against county and State income tax computation**

(a) *Credit for income tax withheld.*—Except as otherwise provided in this section, a credit allowed under this subtitle is allowed against the State income tax only.

(b) Credit under § 10–701.—A credit under § 10–701 of this subtitle is allowed against the total county and State income taxes.

(c) Credit under § 10–704 and 10–709.—(1) A credit allowed under § 10–704(a)(1) or § 10–709(b)(1) of this subtitle is allowed against the State income tax only.

(2) A credit allowed under § 10–704(a)(2) or § 10–709(b)(2) of this subtitle is allowed against the county income tax only.

Section 10–706(a) specifies that, except as otherwise provided in Title 10, "a credit allowed under this subtitle is allowed against *State income tax only,*" (emphasis added); the section then specifies exceptions to this rule which allow the application of the tax credit to both State and county taxes under certain provisions. The Legislature clearly enumerated the sections to which a credit against county taxes applies in § 10–706(b) and (c)(2); it is illogical to interpret the language in § 10–703(a) to include a county tax credit if that section was not included in the specific exceptions set forth by the Legislature. *See Frost v. State,* 336 Md. 125, 137, 647 A.2d 106, 112 (1994) (noting that we seek to avoid illogical statutory constructions) (citations omitted).

Prior to the revision in 1996, § 10–703 was specifically referred to in former § 10–706, which stated, in pertinent part:

**§ 10–706.  Effect of credit on county and State income tax computation.**

(b) (1) A credit under § 10–701, § 10–702, *§ 10–703,* § 10–703.1, § 10.704.1, § 10–704.2, or § 10–704–3 of this subtitle is allowed against only the State income tax.

(2) The county income tax is based on the amount of State income tax before the State income tax is reduced by the credit.

Md.Code (1988), §§ 10–706(b)(1) and (2) of the Tax—General Article (emphasis added). An analysis of the statutory language before the revision is important to determine the intent of the Legislature. The Drafter's Note stated that the reason § 10–703 was removed from the statute was for stylistic reasons only, to correct "awkward section structure in § 10–706 of the Tax—General Article." Ch. 10 of the Acts of 1996. The statutory modification was not for substantive reasons. It is clear by the plain and unambiguous language of former §§ 10–706(b)(1) and (2) that the Legislature intended that the credit allowed against State income tax is separate and apart from any credit allowed against county tax.

The Blantons also rely on *Stern v. Comptroller*, 271 Md. 310, 316 A.2d 240 (1974), wherein this Court held that the "State income tax," for purposes of a credit, included both State and local tax. At that time, the applicable statute that stated a taxpayer shall receive a credit toward the State income tax if the taxpayer paid income tax to another state was Article 81, § 290.[10] Section 290 provided:

§ 290. **Credit allowed residents.**

Whenever a resident individual of this State has become liable for income tax to another state ... the amount of income tax payable by him under this subtitle shall be reduced by the amount of the income tax so paid by him to such other state....

Maryland Code (1957, 1975 Repl.Vol.), Art. 81 § 290.

In February 1975, the Legislature enacted emergency legislation, amended § 290 by adding § 290(b), which provided that only the income tax portion of the State tax could be reduced and no reduction from the local tax portion would be permitted. *See* Ch. 3 of the Acts of 1974 (stating that the § 290(b) was amended as an emergency repeal and re-enactment for the "immediate preservation of the public health and safety ...."). Section 290(b) provided, in relevant part:

§ 290. **Credit allowed residents.**

---

**10.** Article 81, § 290, was the predecessor to § 10–703(a).

(b) ... [W]ith respect to the taxable year 1974 and each taxable year thereafter, the credit provided for by this section operates to reduce only the State income tax payable under this subtitle and does not operate to reduce any local income tax imposed.....

Md.Code (1957, 1975 Repl Vol., 1976 Cum.Supp.), Article 81 § 290(b).

In 1988, the Legislature passed Senate Bill 1 which revised a majority of Article 81. *See* Md.Code (1957, 1991 Repl.Vol.), Art. 81; Ch. 2 of the Acts of 1988. Section 290(a) and (b) became Maryland Code (1988), § 10–703(a) of the Tax–General Article. During the revision of § 290, the language of § 290(a) was revised and § 290(b) was deleted.

The Blantons acknowledged that soon after the *Stern* decision the Legislature "quickly" amended Art. 81, § 290 to include Art. 81, § 290(b), which specifically excluded local tax from the credit. The Blantons argue, however, that in 1988 when the Legislature revised the tax code to its current form (from Art. 81 § 290 to § 10–703(a) of the Tax—General Article) and omitted § 290(b), its intent was to restore the holding of *Stern*, which allowed a credit against both local and State income tax.

The Circuit Court pointed out that "[n]either party submitted any legislative history on this question. [The trial judge reasoned that h]ad the Maryland Legislature kept the original language contained in Art. 81 § 2[90](b), th[e trial] court's ruling would support the Comptroller's position." Although the Circuit Court noted a lack of legislative history submitted by the parties regarding § 10–703(a), the court apparently overlooked the Revisor's Notes which are, indeed, part of the legislative history.

Here, the Legislature intended that the addition of the word "only" in § 290(a) would replace § 290(b). Further, § 290(b) was deemed "unnecessary." The Revisor's Notes for Art. 81 § 290, states:

In subsection (a) of this section, the defined term "State income tax" and the word "only" are substituted for the

former references to "income payable ... under this subtitle," to limit the credit. Therefore, former Art. 81, § 290(b), which precluded reduction of "any local income tax imposed under § 283 of this article," is deleted as unnecessary.

Further, when Article 81 was revised, a report was prepared by the Department of Legislative Reference which stated that, "[e]very effort is made to ensure that the proposed revision conforms as nearly as possible to the intent of the General Assembly, and all these revisions are highlighted in the appropriate [R]evisor's [N]otes.... These [R]evisor's [N]otes also explain all significant changes made in the revision process." Department of Legislative Reference Report, *Report on Senate Bill 1, Tax—General Article* (January 14, 1988). It is clear that the Legislature, as a "housekeeping" measure, intended to eliminate § 290(b) and replace it with the word "only" in § 290(a). The Legislature found § 290(b) to be superfluous. Moreover, had the Legislature intended to substantively change the statute, that intent would more than likely have been made plain.

In conclusion, we hold that the Legislature did not intend the term "only against the State income tax" to include local income tax for purposes of credits under § 10–703(a) of the Tax—General Article. After a review of the plain language of the statute, a review of both the Revisor's Notes, and the Legislative Report, we conclude the Legislature did not make any substantive changes to the statute. Moreover, we defer to the decision by the Comptroller's office and its interpretation of § 10–703(a). Therefore, the Blantons are not absolved from paying the local income tax to the Comptroller, including any penalties and interest.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO AFFIRM THE DECISION OF THE MARYLAND TAX COURT. COSTS TO BE PAID BY THE APPELLEES.**