**Michael Louis RANCOUR, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C2–84–1059.**

Court of Appeals of Minnesota.

Oct. 2, 1984.

Phillip S. Resnick, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant seeks review of the trial court's order sustaining revocation of his driver's license. We affirm.

## FACTS

At about 2:10 a.m. on April 28, 1984, trooper Robert Maskel of the Minnesota State Patrol was northbound on I–35W when he was advised by radio that John Talbot, a South Lake Minnetonka police officer en route to downtown Minneapolis with a prisoner, had requested assistance to stop a vehicle that was weaving in and out of its traffic lane on eastbound Highway 12.

Officer Talbot continued to relate his observations about appellant's driving to the trooper until he exited the freeway. Before doing so, he gave Maskel a description of the vehicle, its license number, and the name of the registered owner.

Maskel waited at the University of Minnesota exit of I–94 until he saw the eastbound vehicle pass the exit ramp. He noticed that the vehicle was weaving "side-to-side in its traffic lane," drifted into the left lane, jerked sharply back to the right, crossed onto the right shoulder, then swung back into the right-hand traffic lane. The trooper stopped the vehicle near Franklin Avenue Southeast. Only one person was in the vehicle, and he identified himself as Michael Louis Rancour, the appellant.

After observing a number of symptoms of intoxication, Maskel concluded that appellant was "quite intoxicated" and placed him under arrest for DWI. The trooper did not ask Rancour to complete any field sobriety tests, and a portable breath screening test was not completed because appellant did not keep his mouth on the mouthpiece. The Implied Consent Advisory was read at the arrest scene.

Appellant initially consented to blood alcohol testing and declined to call an attorney. Upon arrival at the testing room, however, he stated that he wanted to call an attorney in Delano. Because no Delano telephone directory was available at the Minneapolis Police Department, directory assistance was used. Four different names were tried, but no telephone number could be obtained.

After approximately five minutes, Maskel offered to call a public defender. Appellant refused the offer, insisting that he wanted to contact his own attorney, and demanded a Delano telephone book. The trooper again told appellant that none were available. Appellant stated that he would think some more, and he sat looking at the floor without saying anything for ten minutes. The trooper asked again and was told to try another version of the name of appellant's attorney. He did so without success.

After a total of 25 minutes passed, the trooper again asked appellant for a test and reread the portion of the Implied Consent Advisory informing the driver that he must make the decision without assistance if an attorney cannot be reached. Appellant stated that he would not take any test until he spoke with his attorney, and the trooper advised him that this response would be taken as a refusal. Maskel then completed the Notice and Order of Revocation form and informed appellant that his actions constituted a refusal to take the test.

Later when Maskel prepared to take appellant to jail for booking, appellant requested a public defender. The trooper refused to call one.

On May 5, 1984, appellant applied for administrative review of the revocation of his driver's license pursuant to Minn.Stat. § 169.123, subd. 5b (1982). On the application appellant listed denial of counsel as one of his grounds for refusing to take the implied consent test.

Appellant had also filed a petition for judicial review on May 2, 1984, pursuant to Minn.Stat. § 169.123, subd. 5c (1982). The petition listed lack of probable cause to stop or arrest and "other reasons as may be adduced at a formal hearing of the Petition" as grounds for review.

## ISSUES

1. Did the trial court properly refuse to consider the right to counsel issue because it was not included in the petition?

2. Did the arresting officer have sufficient articulable facts to stop appellant and probable cause to arrest him for driving while under the influence of alcohol?

## ANALYSIS

### I

The trial court properly precluded the right to counsel issue because it was not stated in the petition for judicial review.

■ The requirement of specific pleadings is set forth in Minn.Stat. § 169.123, subd. 5c. *See also Schafer v. Commissioner of Public Safety,* 348 N.W.2d 365, 368 (Minn.App.1984). The purpose of the requirement is "to alert both the Commissioner and the trial court about what matters are truly at issue * * *." *Palbicki v. Commissioner of Public Safety,* 347 N.W.2d 512, 515 (Minn.App.1984).

■ Appellant argues that the Commissioner had notice of the issue because it was on his application for administrative review, which had been filed three days after his petition for judicial review. However, the administrative review under Minn.Stat. § 169.123, subd. 5b, and the judicial review provided under Minn.Stat. § 169.123, subd. 6, are separate and unrelated proceedings.

■ Appellant also argues that the other ground stated in his petition, "for such other reasons as may be adduced at a formal hearing of the petition," encompasses the denial of counsel claim. This pleading is not sufficient to meet the specificity requirement.

### II

The petition was sufficiently specific to state appellant's claim that the arrest was illegal because the arresting officer lacked probable cause to believe appellant was driving in violation of Minn.Stat. § 169.121 (1982 and Supp.1983). The trial court found that there was probable cause to arrest and implicitly found a sufficient basis for the investigatory stop.

■ The radio messages from the Minnetonka police officer regarding appellant's erratic driving, combined with the arresting officer's independent observation, was sufficient cause for the investigatory stop. The factual basis for stopping a vehicle may arise from information supplied by someone other than the arresting officer. *Marben v. State, Department of Public Safety,* 294 N.W.2d 697, 699 (Minn.1980). The perceptions of two officers may be combined to satisfy the requirements of arrest. *State v. Jensen,* 351 N.W.2d 29, 32 (Minn.App.1984).

## DECISION

The trial court correctly precluded the denial of counsel issue and found sufficient articulable facts for the investigatory stop and arrest.

Affirmed.