*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1401**

Clayton Leonard Thompson, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed March 30, 2015
Affirmed
Chutich, Judge**

Anoka County District Court
File No. 02-CV-14-1981

Rory P. Durkin, Giancola-Durkin, Anoka, Minnesota (for appellant)

Lori Swanson, Attorney General, Ozioma Oji, Assistant Attorney General, Jeffrey S. Bilcik, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Smith, Judge.

## UNPUBLISHED OPINION

**CHUTICH**, Judge

Appellant Clayton Thompson challenges a district court order sustaining the revocation of his driver's license, arguing that his consent to take a breath test was

coerced and that the implied-consent statute is unconstitutional. Because Thompson voluntarily consented and the implied-consent statute is constitutional, we affirm.

## FACTS

In April 2014, Ramsey Police Officer James Bagne responded to a report of a drunk driver. A citizen reported seeing a white Ford truck being driven erratically. When Officer Bagne arrived in the area, he saw a white Ford truck with a license plate number matching that which the caller reported. Officer Bagne observed the truck cross over the centerline and fail to signal a turn.

Officer Bagne stopped the truck and identified the driver as appellant Clayton Thompson. Officer Bagne noticed that Thompson's eyes were bloodshot and watery. Thompson admitted that he had been drinking. Officer Bagne asked Thompson to perform field sobriety tests. When Thompson stepped outside the truck, Officer Bagne smelled alcohol and noticed that Thompson had poor balance. Thompson failed several field sobriety tests, and a preliminary breath test yielded an alcohol concentration of .188.

Officer Bagne placed Thompson under arrest for driving while impaired. While Thompson was in the back of the squad car, Officer Bagne read him the implied-consent advisory. Thompson said he did not want to speak to a lawyer and would take a breath test. At the Ramsey Police Department, Thompson submitted a breath sample. This sample revealed an alcohol concentration of .13. Thompson was charged with two counts of driving while impaired.

Respondent Commissioner of Public Safety (the commissioner) revoked Thompson's driving privileges. Thompson petitioned the district court for judicial

review of the revocation, and in June 2014, the district court conducted an implied-consent hearing. Thompson's counsel stated that the "sole challenge" was the search of Thompson's breath, specifically whether Officer Bagne needed a warrant or if a valid warrant exception applied. The parties stipulated to the police reports, test results, and reading of the implied-consent advisory, and no testimony was presented.

The district court sustained the revocation. It found that the totality of the circumstances demonstrated that Thompson freely and voluntarily consented to the breath test. It determined that no evidence existed to suggest that Thompson's will was overborne or that his capacity to consent was impaired. Thompson appealed.

## D E C I S I O N

Thompson first argues that his consent was involuntary. We disagree.

The United States and Minnesota Constitutions protect individuals against unreasonable searches. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Warrantless searches are presumptively unreasonable unless an exception to the warrant requirement applies. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). Consent is an exception to that requirement. *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). Whether consent was voluntary is determined by considering the totality of the circumstances, *id.*, and is a question of fact, *Diede*, 795 N.W.2d at 846. Therefore, we review a finding of voluntary consent under the "clearly erroneous" standard: findings of fact are clearly erroneous if we are left with the definite and firm conviction that a mistake occurred. *Id.* at 846-47.

3

The district court found that Thompson voluntarily consented, and our review of the evidence does not leave us with the definite and firm conviction that a mistake occurred. Thompson was lawfully arrested, read the advisory, and agreed to take a breath test. That Thompson was under arrest did not render his consent involuntary. *See Brooks*, 838 N.W.2d at 571. And as the district court correctly noted, no evidence suggests that Thompson's will was overborne or that his capacity to consent was impaired. *See id*.

Additionally, the advisory informed Thompson that he could refuse the search. Thompson submitted to the search after being informed of his right to refuse, which further supports a finding of voluntariness. *See id.* at 572.

Thompson next claims that his consent was not voluntary because the implied-consent advisory misled him. But the implied-consent advisory correctly explained the law in Minnesota, and an officer does not mislead a person if the officer truthfully explains chemical testing obligations. *McDonnell v. Comm'r of Pub. Safety*, 473 N.W.2d 848, 854 (Minn. 1991).

Thompson further contends that the implied-consent statute is unconstitutional. But Thompson did not raise this issue at the implied-consent hearing. Instead, Thompson's counsel stated that the "sole challenge" was whether the search of Thompson's breath was valid.

To raise a license-revocation issue for judicial review, a petition must "state with specificity the grounds upon which the petitioner seeks rescission of the order of revocation." Minn. Stat. § 169A.53, subd. 2(b)(3) (2014); *Schafer v. Comm'r of Pub.*

*Safety*, 348 N.W.2d 365, 368 (Minn. App. 1984). The specific-pleading requirement alerts the commissioner and the district court to the specific matters at issue; the district court does not err by failing to address an issue not raised in the petition for judicial review. *Rancour v. Comm'r of Pub. Safety*, 355 N.W.2d 462, 464 (Minn. App. 1984).

Because Thompson did not raise the constitutionality of the implied-consent statute below, it is waived on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Even if we were to consider this argument, however, Thompson's claim would fail. *See State v. Bernard*, ___ N.W.2d ___, ___, 2015 WL 543160, at *8-9 (Minn. Feb. 11, 2015) (finding test-refusal statute constitutional).

**Affirmed.**